JACOB L. WOLBARSHT *vs.* MARY J. DONNELLY.

Suffolk.   May 14, 1935. — June 25, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Landlord and Tenant,* Construction of lease.   *Contract,* Condition precedent.   *Evidence,* Presumptions and burden of proof, Judicial notice.

In an action for rent under a lease of a roof for the erection of a sign, conditioned "that the rent is not to be paid until . . . [the lessee has] been granted permits as required by . . . [the] City of Boston," with a covenant by the lessee "to exercise due diligence to secure said permits," no permit having been granted, the plaintiff must prove either that none was required by the city ordinances, of which fact this court could not take judicial notice, or, if permits were required, that the lessee did not use due diligence to procure them.

CONTRACT.   Writ dated January 6, 1932.

The action was heard in the Superior Court without a jury by *Brown,* J., who found for the plaintiff in the sum of $160. The defendant alleged exceptions.

*J. M. Maloney,* for the defendant.

*M. Michelson,* for the plaintiff.

PIERCE, J.   In this action the plaintiff seeks to recover for the breach of a written contract under seal, between the

plaintiff and the defendant (doing business as John Donnelly and Sons), a copy of which is set out in the record and is hereafter referred to as the "roof lease."

The plaintiff's substitute declaration was in three counts. The judge ruled that there could be no recovery on counts 2 and 3 and denied the defendant's request: "1. On all the evidence and the pleadings the plaintiff cannot recover on the first count of the substitute declaration and the finding of the court must be for the defendant on that count." The defendant excepted to the denial of this request and the plaintiff did not except to the ruling that there could be no recovery on counts 2 and 3 of the substitute declaration. Count 1 reads: "And the plaintiff says that the defendant is and was at the time of the acts herein alleged engaged in business under the name and style of John Donnelly and Sons, that on or about the fifth day of February, 1930, the plaintiff and the defendant, by her duly authorized agent or representative, did enter into an agreement, a copy of which is hereto annexed and marked Exhibit 'A'; that the plaintiff has done all things on his part to be done by the terms of said agreement, but the defendant has breached and refused to perform the same, all to the great damage of the plaintiff as set forth in his writ." The answer of the defendant is a general denial, a denial of the genuineness of the defendant's signature, and payment.

This "roof lease" was made February 5, 1930, and purports to "demise and lease . . . the roof of the building numbered 60–64 Causeway Street and numbered 2 Billerica Street in Boston" for the term of five years, beginning with the first day of April, 1930, at an "annual rent of Three Dollars ($3.00) per linear foot of sign or structure erected or to be erected, in advance, the first payment to be made on the first day of April, 1930. Provided, however, that the minimum rent to be paid by the Lessees shall be Seventy-five Dollars ($75.00) per annum, irrespective of the size of the said sign or structure erected or to be erected." It was undisputed at the trial that no sign was erected on said roof under the "roof lease." The "roof lease," among others, contained two provisions or conditions which read: (1)

"It is agreed that the rent is not to be paid until John Donnelly & Sons have been granted permits as required by Commonwealth of Massachusetts and City of Boston, Mass." and (2) "This lease and the provisions contained therein is subject to the granting of permits as required by the Commonwealth of Massachusetts and the City of Boston. The Lessees agree to exercise due diligence to secure said permits." The defendant admitted at the trial that Mary J. Donnelly, as trustee under the will of Edward C. Donnelly, was running the business carried on as John Donnelly and Sons on the fifth day of February, 1930, the date of the "roof lease"; and "also admitted . . . that the purported signature 'John Donnelly & Sons, by R. H. Hager, seal,' as it appears on the copy of said 'roof lease' was made by R. H. Hager," the head of the real estate department of the operating division of John Donnelly and Sons. It is inferable from the defendant's brief that she no longer contends that R. H. Hager was not her duly authorized agent or that he did not as her representative have authority to execute the "roof lease." See *Alfano* v. *Donnelly*, 285 Mass. 554.

Said R. H. Hager, called by the plaintiff, testified as to the nature of his employment in the real estate department of John Donnelly and Sons in 1929 and 1930. He testified "that he didn't personally make any application to the Massachusetts department of public works for a permit to erect a sign on this building but an application was made and that he was quite sure a permit was granted on April 4, 1930, which expired on June 30, 1930, and was renewed until July, 1932; . . . that he did not know whether anyone employed by John Donnelly and Sons ever made an application for a permit to erect a sign on the roof of these premises and that no money had been paid on account of rent or the consideration agreed upon in the lease."

The plaintiff testified that "he owns the building in question and owned it in February of 1930; . . . that he had sent two agreements to John Donnelly and Sons for their signature; that he had received no payment on account on the agreement in suit; that he had been dealing in real

estate, purchasing and selling for twenty years, and that he couldn't give the rental value of the roof for the purpose of erecting roof signs." On cross-examination he testified that "at the time he signed the 'roof lease' he thought the roof was worth more than $75; that he had at first asked $150; . . . that he hadn't found any fault about John Donnelly and Sons not having applied for building permits to the City of Boston; and that he had never got any money for it at all."

The defendant relies in her brief on the exception to the denial of her request for ruling numbered 1, above quoted, and on her exceptions to the granting of the plaintiff's requests numbered 10, 14, 15 and 16, which read as follows: "10. Where one, by his own wilful act or neglect, prevents the performance of a condition upon which liability is to accrue, he cannot set up the failure of that condition in exoneration of his liability." "14. The provision in the agreement sued upon making the payment of rent conditional upon obtaining permits, is to be construed as applying only in the event that the permits referred to are actually required by law to be procured before the signs may be constructed. 15. The obtaining of a permit from the building commissioner or any other authority of the City of Boston is not required by law or ordinance as a condition of the right to erect a billboard or sign upon the roof of a private building within the boundaries of the city of Boston except with respect to signs which are to project over a public way a distance of six inches or more. 16. The requirement of the building laws of Boston for the obtaining of a permit for the erection of signs to project over a public way has no application to the case at bar since under the terms of the contract in question the defendant was not obliged to erect a sign which should project over any public way." All other exceptions to the refusal to give the defendant's requests and to the giving of the plaintiff's requests are waived expressly or by nonargument in the defendant's brief.

The defendant contends in support of her exceptions, that because no permit was granted by the city of Boston she never became liable to pay rent. It is plain that the

provision of the "roof lease" that the rent is not to be paid until John Donnelly and Sons have been granted permits as required by the Commonwealth of Massachusetts and the city of Boston is a condition precedent to the defendant's obligation to pay rent. It is obvious that the burden of proof is upon the plaintiff to establish that the condition of the lease has been met or that the condition is unperformed by reason of the failure of the defendant "to exercise due diligence to secure said permits." It is agreed that no permit of the city of Boston has been granted.

It is the contention of the plaintiff that the city of Boston does not require a permit. The record does not show that the plaintiff produced or offered evidence to that effect. The fact, if it be a fact, that the structure contemplated to be built under the lease would not project over a public street, and the fact that a permit is not required under G. L. (Ter. Ed.) c. 85, § 8, because the structure would not so project, do not establish that a permit may not be required by the city of Boston for the erection of the proposed structure. Nor do they establish that if a permit is required, the defendant did not use due diligence to obtain a permit. This court does not take judicial notice that there is in any case an absence of municipal ordinance or an absence of municipal department rules which is or may be material to the decision of any issue of law or fact before it. The plaintiff, for the reason stated, failed to sustain the burden which was upon him to prove that all "permits" to erect the structure described by the "roof lease" were granted by the Commonwealth and the city of Boston, or that permits were not required to be granted or were not granted because the defendant had not exercised due diligence to secure them.

*Exceptions sustained.*