SARAH E. WOLBARSHT, administratrix, *vs.* MARY J. DONNELLY.

SAME *vs.* SAME.

Suffolk.     October 3, 1938. — April 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*License. Contract,* Condition precedent, Performance and breach. *Landlord and Tenant,* Rent.

A permit from the Boston building department under St. 1907, c. 550, § 1, is required for the erection of a roof sign although it does not project over a public way.

The lessor under a lease with the payment of rent conditioned on the granting of a certain permit to the lessee was not entitled to recover rent merely by proving the lessee's failure to apply for the permit, without proof that it would have been granted if application had been made.

TWO ACTIONS OF CONTRACT. Writs in the Superior Court dated, respectively, January 6, 1932, and April 3, 1934.

There were findings for the plaintiff by *Dillon*, J., in the sums of $176.77 and $209.90. The defendant alleged exceptions.

*A. W. Wunderly*, for the defendant.

*M. Michelson*, for the plaintiff.

DOLAN, J.   The first of these actions has been previously considered by us. *Wolbarsht* v. *Donnelly*, 291 Mass. 229. The second action is brought to recover amounts alleged to be due under the same "roof lease" and to have accrued since the bringing of the first action. The death of the plaintiff Jacob L. Wolbarsht having been suggested (G. L. [Ter. Ed.] c. 228, § 4), his administratrix appeared and prosecuted the actions. The judge found for the plaintiff in both cases, and they now come before us on the defendant's exceptions to the denial of certain of her requests for rulings.

The terms of the lease in question are described in the earlier opinion before referred to. Its only provision now pertinent is as follows: "It is agreed that the rent is not to be paid until John Donnelly & Sons have been granted permits as required by Commonwealth of Massachusetts and city of Boston. . . . The lessees agree to exercise due diligence to secure said permits." The defendant has never made any application for such a permit to the building department of the city of Boston, and it is upon her inaction in that respect that the plaintiff bases her claim for rent under the lease. The request of the defendant in each case for a ruling that on all the evidence and the pleadings the plaintiff could not recover was denied by the judge, who found and ruled upon all "the evidence submitted . . . that the city of Boston does not require a permit for any structure contemplated to be built under the lease because the roof sign twenty-five feet by twelve feet described in the defendant's application to the board of public works [department of public works of the Commonwealth] dated March 15, 1930 and in the permit issued by said board [department] April 4, 1930 would not project over a public way, and . . . [found and ruled] that a billboard is not a building or a structure for which a permit is required,

within the meaning of the building act of the city of Boston Acts of 1907, chapter 550, and acts in amendment thereof."

We are of opinion that this ruling was erroneous. It is settled by the case of *Bellevue Hotel Co.* v. *Building Commissioner of Boston*, 299 Mass. 73, which was decided after the ruling before referred to was made by the judge in the present cases, that a permit of the building department is required for the erection of a nonprojecting sign under the provisions of St. 1907, c. 550, § 1. (See St. 1938, c. 479, which, if and when accepted by the city council of Boston, will replace St. 1907, c. 550. In § 106 of St. 1938, c. 479, "structure" is defined as inclusive of "sign.")

There is nothing in the record to show that, had the defendant made application to the building department of the city of Boston for the issuance of the necessary permit, it would have been forthcoming and hence it is not made to appear that the condition of the lease upon which rent was to be payable would have occurred except for the defendant's failure to act. Am. Law Inst. Restatement: Contracts, § 295.* It is not inconceivable that the municipality properly might have refused to issue the permit in any event. Its approval, as of course, of an application for the permit if seasonably made by the defendant, cannot be assumed. The present cases in this respect are not unlike those in which a defendant's liability under a contract depends upon the conformity of the plaintiff's performance to a certain standard, such conformity to be determined by a test to be made by the defendant alone or with his coöperation. In such cases the defendant's failure to make the test or to coöperate, standing alone, is not enough to entitle the plaintiff to recover. He must also

---

* "If a promisor prevents or hinders the occurrence of a condition, or the performance of a return promise, and the condition would have occurred or the performance of the return promise been rendered except for such prevention or hindrance, the condition is excused, and the actual or threatened nonperformance of the return promise does not discharge the promisor's duty, unless (a) the prevention or hindrance by the promisor is caused or justified by the conduct or pecuniary circumstances of the other party; or (b) the terms of the contract are such that the risk of such prevention or hindrance as occurs is assumed by the other party."

show that had the test been made the standard set would have been attained. *Fechteler* v. *Whittemore*, 205 Mass. 6, 10. *Gosline* v. *Prince Macaroni Manuf. Co.* 241 Mass. 550, 554. *Deyo* v. *Hammond*, 102 Mich. 122. Compare *Hebert* v. *Dewey*, 191 Mass. 403; *Evans* v. *Middlesex County*, 209 Mass. 474. We are of opinion that the plaintiff has "failed to sustain the burden which was upon . . . [her] to prove that all 'permits' to erect the structure described . . . were granted by the Commonwealth and the city of Boston, or that permits were not required to be granted or were not granted because the defendant had not exercised due diligence to secure them." *Wolbarsht* v. *Donnelly*, 291 Mass. 229, 233. In each case the entry will be

*Exceptions sustained.*
*Judgment for the defendant.*