WILLIAM F. MILLS *vs.* CHESTER H. KEELER & another.

Norfolk.   December 8, 1966. — January 3, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Dog.   Nuisance.   Actionable Tort.   Pleading, Civil,* Demurrer.   *Words,*
"Nuisance."

No cause of action was stated in an action of tort by a declaration alleging
merely that during a certain period the defendant was "the owner and/or
the keeper" of a dog which was a "nuisance" by reason of "excessive
barking and other disturbances" and a source of annoyance to the
plaintiff, a sick person residing in the vicinity, that on the plaintiff's
written complaint to the selectmen a hearing was held and the dog was
ordered to be restrained, and that the defendant did not restrain the
dog but permitted the "excessive barking and other disturbances" to
continue, as a result of which the plaintiff's "health . . . [was] affected"
and he was prevented from pursuing his usual vocation and incurred
expenses for medicines and medical attendance.

TORT.   Writ in the Superior Court dated October 1, 1965.
The action was heard by *Sgarzi,* J., on demurrer.
*Robert D. O'Leary* for the plaintiff.
*Sanford Konstadt* for the defendants.

WILKINS, C.J.   This is an appeal by the plaintiff from an
order of a judge of the Superior Court sustaining a demur-
rer to the declaration, which is in tort.   There are two
counts.

Count 1 alleges that since August, 1964, the defendant
Chester H. Keeler has been "the owner and/or the keeper"
of a dog at 1 Richard Road, Randolph; that during that
period the dog was a nuisance by reason of excessive bark-
ing and other disturbances [*sic*]; that the dog was a source
of annoyance to the plaintiff, a sick person residing in the
vicinity; that the plaintiff complained in writing to the
selectmen; that a hearing was held and the dog was ordered
to be restrained for eight hours on the days when the plain-
tiff was at home; that the defendant has not restrained the
dog but has permitted the excessive barking and other dis-

turbances [*sic*] to continue as a result of which the plaintiff's health has been affected, he has been prevented from pursuing his usual vocation, and has incurred expenses for medicines and medical attendance.

Count 2 is identical except that it is directed against the defendant Gladys Keeler.

There are four grounds of demurrer, all in substance to the effect that the declaration does not state a cause of action. Only the second ground undertakes to state a specific reason, which is: "There is no cause of action against the owner of a dog for personal injuries, and/or mental anguish, without physical contact between the plaintiff and the dog." The defendants' brief cites *Spade* v. *Lynn & Boston R.R.* 168 Mass. 285, and *Sullivan* v. *H. P. Hood & Sons, Inc.* 341 Mass. 216.

The description in the declaration of the plaintiff's complaint to the selectmen and of the latter's order is similar in phraseology to G. L. c. 140, § 157, as amended through St. 1934, c. 320, § 20.[1] Obviously this is the source of the allegations of the declaration. No further steps appear to have been taken by the plaintiff or either defendant pursuant to § 157.

The declaration does not allege whether the defendants' conduct was intentional, wanton or reckless, or negligent.

---

[1] "If any person shall make complaint in writing to the selectmen of a town, the chief of police of a city, or the county commissioners, that any dog owned or harbored within his or their jurisdiction is a nuisance by reason of vicious disposition or excessive barking or other disturbance, or that any such dog by such barking or other disturbance is a source of annoyance to any sick person residing in the vicinity, such selectmen, chief of police or county commissioners shall investigate or cause to be investigated such complaint, including an examination on oath of the complainant, and may make such order concerning the restraint or disposal of such dog as may be deemed necessary. Within ten days after such order the owner or keeper of such dog may bring a petition in the district court within the judicial district of which the dog is owned or kept, addressed to the justice of the court, praying that the order may be reviewed by the court, and after such notice to the officer or officers involved as the court may deem necessary it shall review such action, hear the witnesses and affirm such order unless it shall appear that it was made without proper cause or in bad faith, in which case such order shall be reversed. The decision of the court shall be final and conclusive upon the parties. Any person owning or harboring such dog who shall fail to comply with any order of the selectmen, chief of police, county commissioners or district court, as the case may be, shall be punished by a fine of not more than ten dollars, or by imprisonment for not more than thirty days, or both."

On the allegations that conduct was nonfeasance. The single word "nuisance" by itself does not supply a case good against demurrer. See *Whitcomb* v. *Vigeant,* 240 Mass. 359, 362; *Ted's Master Serv. Inc.* v. *Farina Bros. Co. Inc.* 343 Mass. 307, 311–312. "Conclusions of fact unless they are necessary inferences from the particular facts alleged are not admitted by a demurrer." *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 474. *J. J. Gordon, Inc.* v. *Worcester Telegram Pub. Co. Inc.* 343 Mass. 142, 143. The nuisance here alleged is limited to "excessive barking and other disturbances." "Other disturbances" means those of the same kind as barking. *Crown Shade & Screen Co.* v. *Karlburg,* 332 Mass. 229, 231–232. *Opinion of the Justices,* 337 Mass. 777, 782. There obviously was no physical force applied to the plaintiff whose "health has been affected" apparently because of mental or emotional disturbance.

The plaintiff argues only vaguely as to the precise basis of his cause of action. The impression we receive from his meager brief is that his theory is that the demurrer admits that there is a nuisance due to excessive barking and other disturbance, in the language of G. L. c. 140, § 157, which he paraphrases without express reliance; that the order to restrain and the owner's failure to comply which permitted the nuisance to continue automatically gave rise to a cause of action under the entire G. L. (Ter. Ed.) c. 243, entitled, "Actions for Private Nuisances." In support no case or particular statutory provision is cited. We think that no cause of action for an injury solely to health has been stated. It is not our function to puzzle out a cause of action and to find authorities to support it.

*Order sustaining demurrer affirmed.*