GEORGE E. DANIS & another, trustees, *vs.* BRIDGE ENTERPRISES, INC. November 15, 1979. The defendant's contention that the plaintiff's motion for summary judgment was improperly allowed because it had established the existence of a genuine issue or issues of material fact bearing on the possession and rent claims is without merit.

1. The judge sitting in the Superior Court correctly ruled that the controversy over possession had become moot; at the time of the hearing defendant had moved from the premises and the lease by its terms was terminated on February 28, 1977. He properly rejected the defendant's argument that the rent claim should be dismissed because the summary process action might have been brought prematurely in the District Court. Whatever merit may have existed as to this defense was obviated by the defendant's failure to raise it in the District Court (either by motion or in its answer), and by the fact that a premature claim for possession would not affect the timeliness of the claim for rent due under the lease.

2. In support of its motion for summary judgment on the rent claim, the plaintiff submitted an affidavit, the findings from the District Court assessing past due rent, and requests for admissions, deemed admitted under Mass.R.Civ.P. 36(a), 365 Mass. 795-796 (1974), by the defendant's failure to respond. These materials established the valid trust and corporate existence of the parties, the execution of the lease and the propriety of its assignment to the plaintiff, and the defendant's breach of the lease by its failure to pay rent in the amount of $1,456.84 due for the months of June and July, 1976. They established the lack of a triable issue and shifted the burden to the defendant to respond and allege specific facts which would establish the existence of a genuine, triable issue of fact. *O'Brion, Russell & Co.* v. *LeMay,* 370 Mass. 243, 245 (1976). The defendant contends that a triable issue was raised by the affidavit of its treasurer. This affidavit summarized the background of the dispute between the defendant and the plaintiff's predecessor in title which led to the execution of the lease (see *Bridge Enterprises, Inc.* v. *Futurity Thread Co.,* 2 Mass. App. Ct. 243 [1974]), and averred that the failure of the plaintiff and its predecessor in title to comply with "essential terms" of the lease by neglecting to install a loading dock, to replace broken

windows, and to repair leaks in the walls was a "major factor in forcing [the defendant] to discontinue its operations as a going business." However, the affidavit was neither verified by oath before a notary public or by some other person authorized to take oaths nor was it signed under the penalties of perjury. *Galvin* v. *Town Clerk of Winchester,* 369 Mass. 175, 177 (1975). *O'Brion, Russell & Co.* v. *LeMay, supra* at 245. In view of this defect, the judge could have properly disregarded the affidavit, and, with no other barrier opposing the request, granted the plaintiff's motion. Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). See generally *Stanton Indus., Inc.* v. *Columbus Mills, Inc.,* 4 Mass. App. Ct. 793, 794 (1976) (defective affidavit may be disregarded in passing on a motion for summary judgment).

Moreover, the substance of the affidavit was inadequate to create a triable issue. The overall effect of the affidavit was undermined by the defendant's attempt to use it as a backdoor and improper method of responding to the requests for admissions which had theretofore been ignored. Mass.R.Civ.P. 36(b), 365 Mass. 796 (1974). See generally *Bowers* v. *E.J. Rose Mfg. Co.,* 149 F.2d 612, 615 (9th Cir.), cert. denied sub nom. *Fischer* v. *Bowers,* 326 U.S. 753 (1945); *Moosman* v. *Joseph P. Blitz, Inc.,* 358 F.2d 686 (2d Cir. 1966). It failed to set forth any facts contradicting the unambiguous terms of clause 11 of the lease, which required the defendant to maintain the premises and to replace broken glass. It also failed in any specific way to demonstrate how the claimed breach of the lease as to the installation of a loading dock was material to the rent covenant in view of the defendant's apparently uninterrupted use of the premises without complaint for over four years. The bald assertion that lack of compliance by the plaintiff's predecessor in title with certain terms of the lease was a "major factor" in the defendant's discontinuance of business should have been disregarded because it was not clearly directed against the plaintiff, and because it constituted the type of vague and general allegation of expected proof which has been held inadequate in contests of this kind. *O'Brion, Russell & Co.* v. *LeMay, supra* at 245. *Wagner* v. *Lectrox Corp.,* 4 Mass. App. Ct. 815 (1976).

The preceding discussion renders it unnecessary to determine whether covenants in a commercial lease of the type in issue here are or should be considered interdependent. Contrast *Barry* v. *Frankini,* 287 Mass. 196 (1934); *Malden Knitting Mills* v. *United States Rubber Co.,* 301 Mass. 229 (1938); and *Wolbarsht* v. *Donnelly,* 302 Mass. 568 (1939) with *Erhard* v. *F. W. Woolworth Co.,* 374 Mass. 352, 356 (1978) ("While there is a developing tendency to treat some lease covenants as interdependent, no general rule that all obligations of tenants are to be measured by occupancy has evolved. Rather, the courts have focused their attention on the interdependence of the tenant's duty to pay rent and the landlord's duty to maintain premises suitable for the

tenant's use"). See also *Charles E. Burt, Inc.* v. *Seven Grand Corp.,* 340 Mass. 124, 127 (1959), and *Dyecraftsmen, Inc.* v. *Feinberg,* 359 Mass. 485, 489 (1971) (interdependency of essential covenants in commercial leases permits defense of constructive eviction upon lessor's breach).

*Judgment affirmed.*

*John A. Gledhill, Jr.,* for the defendant.
*Charles T. Johnson* for the plaintiffs.