**SHAWMUT FIRST COUNTY BANK**
vs.
**Paul RICHARDS**

**No. 263**

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**January 22, 1981**

Marc Redlich for the plaintiff.
Christopher C. Mathers for the defendant.

Present: Lee, P.J., Welsh, J. and Black, J.*

## OPINION

**WELSH, J.** This is a civil action to recover $30,000.00 alleged to be due upon a written guarantee dated May 19, 1977, related to loans made by the plaintiff to the First Parish Unitarian Church of East Bridgewater. Earlier, there had been another guarantee executed on May 20, 1975. The previous guarantee was given in connection with refinancing of the church's obligation to the plaintiff. Pursuant to the understanding, the minister of the church executed and delivered two notes to the plaintiff, in the principal sums of $78,000.00 and $41,458.29 respectively.

The latter guarantee undertook to insure "full and prompt payment of all present and future obligations of the church to the plaintiff up to $30,000.00." The principal amounts claimed to be due on notes under this guarantee are $70,428.09 and $39,898.58 respectively. Judgment was sought in the amount of $30,000.00 plus a reasonable attorney's fee, with interest.

The defendant asserted in his answer that the minister had no authority to execute the notes on behalf of the church and that, in fact, the loans were made by the plaintiff to the minister as an individual. It was also asserted that the plaintiff was negligent in failing to obtain documentary evidence of the minister's authority.

The court, after hearing, allowed the plaintiff's motion for summary judgment and ordered that the matter stand for assessment of damages for reasonable attorney's fee. The assessment was duly made by another justice and a final judgment entered.

The court made certain "findings" in connection with the motion for summary judgment. Actually, these "findings" were more in the nature of a memorandum of decision wherein the court set forth its rationale in allowing the motion for summary judgment. The "findings" are set out as follows:

"The court finds that the defendant has admitted the genuineness of his signature on, and the execution and delivery of, the Guaranty. (Richards Deposition ("Dep.") pp. 61-63). The court finds that the Church has defaulted on the notes by the Shawmut Bank records identified in paragraph 7 of the affidavit submitted by Fred Adams, its Vice-President.

The court finds that the loan proceeds were deposited in the account of the 'First Parish Unitarian Church of East Bridgewater'. (Adams affidavit, para. 3).

The court finds that the defendant has not offered any evidence to support his claim of lack of authority on the part of the minister to act in behalf of the Church.

The court finds and rules that the statements contained in the opposing affidavit submitted by the defendant do not raise genuine issues of fact because they are the personal conclusions of the Receiver, Willis A. Downs.

The court finds that the defendant has not shown that the plaintiff was negligent in not obtaining evidence of the minister's authority to act in behalf of the Church."

1. Although the trial judge stated that he was reporting the matter upon his own initiative as an interlocutory ruling under Rule 64(d), Dist./Mun. Cts. R. Civ. P., we observe from the docket entries furnished that a final judgment was entered, the counsel fees and costs having been duly assessed. Thus, the matter comes before the appellate division as a final judgment and not as an interlocutory ruling under Rule 64(d). Unquestionably, an order refusing to grant summary judgment is interlocutory in character. **Panesis v. Loyal Protective Life Ins. Co.,** 5 Mass. App. Ct. 66, 77-76 (1977); **Rollins Environmental Services, Inc. v. Superior Court,** 368 Mass. 174, 177-180 (1975). Also, an order allowing a partial summary judgment is interlocutory in nature. Mass. R. Civ. P. 56(c); Smith & Zobel, **Rules Practice,** 8 Massachusetts Practice Series §56.9. However, the instant case is in the posture that no issues either legal or factual remain to be decided at the trial court. The dis-

*Although Justice Black was a member of the panel, he recused himself and took no part in the deliberations or determination of this appeal.

position there is final, subject only to normal appellate review or to the granting of relief from judgment under Rule 60 or otherwise. In the present state of the record, the parties alone rather than the trial judge have the option of seeking a determination of rulings made in the trial court, unless the trial judge determines in his discretion to make a voluntary report of questions of law upon an agreed statement of fact.[1] **Younis v. Mario Musto Corp.**, 1979 Mass. App. Div. Adv. Sh. 240, 243-245. The salutary purpose of interlocutory reports is to settle early on a doubtful question of law fundamental to the action and dispositive of it without putting the parties and the court to the trouble and expense of a trial unnecessarily. Further proceedings in the trial court are thus stayed pending appellate determination of such rulings. There is no right to further appellate review by the Supreme Judicial Court until a final judgment is entered. The prerogative to report interlocutory questions should be exercised sparingly. Since both parties have filed briefs, we proceed to determine the merits.

2. The trial judge correctly allowed the motion for summary judgment. The classic statement of the burden of proof of the respective parties in a summary judgment motion is as follows:

"Rule 56(e) provides that once a motion is made and supported by affidavits and other supplementary material, the opposing party may not simply rest on his pleadings or general denials; he must 'set forth **specific facts**' (emphasis added) showing that there is a genuine, triable issue. Rule 56(e). The inference to be drawn from the burden placed on the moving party is that his failure to establish the absence of a genuine issue of material fact must, without more from his opponent, defeat his motion. See, Report of the Judicial Conference of the United States, Proposed Amendments to Certain Rules of Civil Procedure, 31 F.R.D. 648 (1962). On the other hand, if the moving party shows that there is no issue for trial, the opposing party must respond and allege specific facts which establish that there is a genuine, triable

issue, or summary judgment (if appropriate in all other respects) will be entered against him. The parties' respective burdens are designed to discourage both 'utterly unjustified motions for summary judgment' and 'specious denials or sham defenses.' Barron & Holzoff, **supra** at 96, 97. Wright & Miller, **supra** at 370, 384."

**Community National Bank v. Dawes**, 369 Mass. 550, 554 (1976). Clearly, once the moving party has established that there is no genuine issue of material fact concerning those elements constituting his burden of proof, the other party cannot safely rely upon "vague and general allegations of expected proof." **Albre Marble & Tile Co. Inc., v. John Bowen Co. Inc.**, 338 Mass. 394, 397 (1959).

The plaintiff, as moving party, has satisfied its burden. The affidavit of Fred Adams, vice president and loan officer of the plaintiff bank at all times relevant to this action,[2] indicates that on or about June 5, 1969, the minister of the church delivered to the bank the certificate of the clerk of the church. The certificate, a copy of which was annexed to the affidavit, states, **inter alia**, that at a meeting of the trustees of the church on June 4, 1969, it was voted that $100,000.00 be borrowed from the plaintiff bank and that the minister, the Reverend Mr. John Paul Rich was authorized to take any and all actions necessary to accomplish this purpose. Pursuant to this authorization, the bank loaned $100,000.00 to the church and deposited the proceeds in the church's account. The subsequent loan history shows that it was refinanced and/or increased approximately 25 times. On each occasion, the Reverend Mr. Rich executed and delivered to the plaintiff a promissory note. On or about July 27, 1971, the bank was presented with another clerk's certificate, attesting to a corporate meeting of the

---

[1]Somewhat different principles govern reports of interlocutory rulings and voluntary reports based upon a case stated, or otherwise reduced to a question of law. See, Krock v. Consolidated Mines & Power Co., 286 Mass. 177, 179 (1934).

[2]The bank's name was subsequently changed from the First County National Bank to Shawmut First County Bank, N.A.

church on July 31, 1962 and empowering the same Reverend Mr. Rich to incur obligations and debts, to mortgage property, ordain and convene ecclesiastical councils, to buy or sell real estate or securities, and generally to act for and in behalf of the parish in any business or religious situation whatever. The certificate declared further that the Reverend Mr. Rich was trustee of all funds, properties, real estate, securities and other holdings of the church. Copies of the certificate were furnished the bank and recorded at the Registry of Deeds. On November 11, 1971 another certificate of the clerk was delivered to the plaintiff, containing a series of corporate resolutions, granting the minister, "as president, treasurer, and chief executive officer" broad powers relating to borrowing on behalf of the church and declaring that such powers would remain in effect unless revoked or modified by written notice to the bank. No written notice of revocation appears, nor was there any suggestion by way of affidavit or any oral revocation of the guarantee. Copies of the bank ledgers attached to the affidavit show that the proceeds of the loan were disbursed to the church by deposit in its account and that there is presently due an outstanding balance well in excess of the $30,000.00 which was the limit of the amount personally guaranteed by the defendant. Annexed to the affidavit is a copy of a letter to the defendant from the plaintiff, giving notice the plaintiff intended to hold the defendant on his guarantee and indicating an intent to commence an action against him based upon the guarantee.

The copy of the guarantee itself was incorporated in the complaint. The term "obligations" as used in the instrument of guarantee was broadly defined. It included indebtedness of any kind, whether or not evidenced by a note or other written evidence of indebtedness. The guarantee was executed under seal. There was an express agreement for the payment of attorneys' fees if collection action was taken. We hold that there appears no genuine issue of material fact with regard to those elements the plaintiff would be required to establish for a prima facie case.

Turning now to the defendant's affidavit, as well as admissions contained in the pleadings, we find that the genuineness of signature is admitted. The naked assertion that the notes which were the subject of the guarantee declared upon were executed without authority utterly fails to satisfy the defendant's burden of setting forth facts which would lead to the conclusion that there are genuine issues of material fact which would require a trial. For example, the affidavit of the receiver of the church states that as a result of his investigation he determined that said loans were made absolutely without the authority of the membership, trustee or deacons of the church. The defendant's burden is clearly not met by such a conclusory statement. What is required is a statement of specific facts and circumstances that would tend to show a lack of authority. It is not enough that the defendant have a defense; he is no longer indulged the luxury of keeping it "under wraps" until trial. He is compelled, at his peril, to state those specific and articulable facts from one who could competently testify to their existence at trial to show there is a genuine issue of material fact. J.R. Nolan, Civil Practice, 9 Massachusetts Practice Series, §421; Community National Bank v. Dawes, supra, 556-562.

The trial judge was clearly correct in allowing the motion for summary judgment. There being no prejudicial error, the report is dismissed.

SO ORDERED.

Edward A. Lee, P.J.
Robert A. Welsh, Jr., J.