Cowdrey, P.J.
This is an action in contract in which the plaintiff seeks to recover the unpaid balances of, interest on and reasonable attorney’s fees incurred in the collection of, two promissory notes co-signed and executed by the defendant.
The trial court granted the plaintiffs Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summaryjudgment. Damages in the amount of $45,123.00 plus $56.73 in costs were assessed, and judgment was entered for the plaintiff.
1. The defendant’s liability for the promissory note at issue was conclusively established pursuant to Rule 56 in the trial court. The plaintiff’s summary judgment motion was supported by his complaint, affidavits asserting the defendant’s non-payment, and the two promissory notes which bear the defendant’s signatures. The genuineness of these signatures was not placed in issue by the defendant who answered by way of general denial. See Dist./Mun. Cts. R. Civ. P. Rule 8(b); G.L.c. 106, § 3-307(1); Mechanics Nat’l Bk. of Worcester v. Shear, 7 Mass. App. Ct. 255, 260 (1979). Thus the production of the instruments and supporting documentation established a prima facie case for the plaintiff, Loew v. Minasian, 361 Mass. 390, 391 (1972), which was sufficient to shift the Rule 56 burden of proof to the defendant. Community Nat’l Bk. v. Dawes, 369 Mass. 550 (1976); Davis v. Bridge Enterprises, Inc., 8 Mass. App. Ct. 930 (1979).
The defendant, however, categorially failed to satisfy this burden and thus to avoid a summary disposition of this controversy. The defendant filed neither an affidavit nor indeed any evidence to demonstrate the existence of a genuine, material issue of fact which would have required a trial on the merits herein. Rule 56(e) ofthe Dist./Mun. Cts. R. Civ. P. mandates that aparty opposing a summary judgment motion may not “rest upon the mere allegations or denials of his pleadings.” As the’defendant proffered nothing beyond the general assertions[1] and denials of his answer, summaryjudgment for the plaintiff was required as a matter of law in this case. Community Nat’l Bk. v. Dawes, supra at 553; Turner v., McCune, 4 Mass. App. Ct. 864, 865 (1976).
2. The defendant’s failure to oppose the plaintiff’s Rule 56 motion was decisive *289 herein not only of the question of his general liability on the notes, but also of the amount to be awarded to the plaintiff as the outstanding balance due on the notes. “The absence of any demonstration by the defendant that a triable issue existed on the question of damages warranted the entry of summary judgment for the plaintiff on that issue.” United States Tr. Co. of N.Y. v. Herriott, 10 Mass. App. Ct. 313, 320 (1980). If the defendant wished, for example, to advance an accord and satisfaction defense, he should have done so in sufficient factual detail in opposition to the plaintiff’s Rule 56 motion in the trial court. If a defendant has a legitimate defense, “he is no longer indulged with the luxury of keeping it ‘under wraps’ until trial. He is compelled, at his peril, to state those specific and pertinent facts to show there is a genuine issue of material fact.” Shawmut First County v. Paul Richards Bk. N.A., 1981 Mass. App. Div. 27, 30. As the defendant remained silent in the face of the plaintiff’s summary judgment motion, we will not now permit him to circumvent the salutary objectives of Dist./Mun. Cts. R. Civ. P., Rule 56 by introducing defenses or factual issues not raised in the trial court. Manganaro Drywall, Inc. v. Penn-Simon Construc. Co., 357 Mass. 653, 658-659 (1970).
3. On the basis of the foregoing, we sustain that portion of the trial court’s finding for the plaintiff which represents the unpaid balances of, and interest on, the two promissory notes at issue.
The defendant’s note of May 24,1972 stated that “in the event that the note is turned over to an attorney for collection by suit or otherwise, the undersigned jointly and severally agree to pay areasonable attorney’s fee...” In his motion for summary judgment and supporting affidavits, the plaintiff simply claimed fifteen percent (15%) of the note balance as a “reasonable” attorney’s fee. No evidence was introduced.
That amount which may be considered a reasonable attorney’ s fee is “largely discretionary” with a trial justice and due reliance must be placed on his “firsthand knowledge of the services performed before him.” Homsi v. C.H. Babb Co., 10 Mass. App. Ct. 474, 482 (1980). See also Patry v. Liberty Mobilhome Sales, Inc., 15 Mass. App. Ct. 701, 707 (1983). An assessment of attorney’s fees is customarily “presumed to be right and ordinary” and will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Meghreblian v. Meghreblian, 13 Mass. App. Ct. 1021, 1023-1024 (1982).
The determination of that amount which constitutes a reasonable fee is, however, “preeminently a question of fact. ’ ’ Baystate Medical Ctr. v. McLaughlin, 1980 Mass. App. Div. 171, 172. See also The First Nat’l Bk. of Boston v. Brink, 372 Mass. 257, 263-264 (1977). Due consideration must be given to:
the nature of the case and the issues presented; the time and labor required; the amount of damages involved; the result obtained; the experience, reputation and ability of the attorney; the usual price charged for similar services by other attorneys in the same area and the amount of awards in similar cases.
Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979). A strict “percentage approach” may be permissibly utilized in weighing the “amount involved, results obtained” factors, The First Nat'l Bk. of Boston v. Brink, supra at 267, but due regard must be given to all other factors.
The plaintiffs simple, unsubstantiated claim that fifteen percent of the outstanding note balance constituted a reasonable attorney’s fee was insufficient to satisfy the plaintiffs Rule 56 burden of proof that no genuine, material issue of fact existed with respect to attorney’s fees. Summary judgment on this issue should not, therefore, have been entered. See generally, Panesis v. Loyal Pro *290 tective Life Ins. Co., 5 Mass. App. Ct. 66 (1977). The inherently factual nature of the process involved in determining such fees generally requires a hearing thereon.
4. Finally, we are compelled by the paucity of the defendant’s efforts in prosecuting this appeal to comment that the defendant has presented little which would have required the consideration of this Division.
It should be unnecessary to reiterate a most elementary procedural tenet unequivocally established for practice before every appellate court in this Commonwealth; namely, that the failure to file an adequate written brief constitutes a waiver of all rights to appellate review. See e.g., Board of Appeals of Maynard v. Housing Appeals Comm., 370 Mass. 64, 68 (1976); Blois v. Quincy Mut. Fire Ins. Co., 361 Mass. 68, 70 (1972); Travelers Ins. Co. v. Safeguard Ins. Co., 346 Mass. 622, 623 (1964); Hill v. Motor Club of America Ins. Co., Mass. App. Div. Adv. Sh. (1978) 646, 649. Rule 64(f) of the Dist./Mun. Cts. R. Civ. P. expressly states that “the appellate division need not pass upon questions or issues not argued in briefs.” This requirement for written argument by counsel is more than a mere technicality; it is founded on the sound principle that a party’s right to have an issue oflaw considered by an appellate court entails a concomitant duty to assist the court by presenting its case within the framework of an organized analysis of fact and law, supplemented by appropriate citation of authority. Lolos v. Berlin, 338 Mass. 10, 14 (1958); Hill v. Motor Club of America Ins. Co., supra at 648.
The specifications for an acceptable written brief contained in Rule 64(f) are simple and unambiguous. This Division nevertheless periodically receives a number of purported “briefs,” the argumentation and legal scholarship of which is deficient, haphazard, indifferent and inept. Adequate appellate argument requires qualitatively more than vague and generalized statements of trial court error unsupported by case or statutory citations. See, e.g., Goldstein v. Columbia Diamond Ring Co., 366 Mass. 835, 843 (1975); Moskow v. Boston Redevelop. Auth., 349 Mass. 553, 568 (1965); Boston v. Dolan, 298 Mass. 355 (1937); Kelly v. Board of Appeals of Scituate, 5 Mass. App. Ct. 821 (1977); Hurwitz v. Lakson, 2 Mass. App. Dec. 113, 114-115 (1942). The two and one-third page written document submitted by the defendant herein consisted of nothing more than an abbreviated reference in conclusory language to alleged trial court errors, punctuated by only sporadic reference to procedural rules. Upon a generous reading, this document barely rises to the level of acceptable appellate argument.
We have previously stated that this Division is not required
‘to spend.. .time in the elucidation of matters not deemed by those in interest as worthy of their own reasoning faculties. ’ Soscia v. Soscia, 310 Mass. 418, 420 (1941).
Cahill v. Town of Swampscott, Mass. App. Div. Adv. Sh. (1979) 337, 338. See also Mills v. Keeler, 351 Mass. 502, 504 (1967). Accordingly, written briefs not in substantial compliance with Rule 64(f) will not be received by this Division, and. the submission of substandard briefs will hereinafter be deemed tantamount to a waiver of appeal. Dist./Mun. Cts. R. Civ. P., Rule 64(f). See generally, Grozier v. Post Publish. Co., 342 Mass. 97, 101 (1961); Stokosa v. Waltuch, 6 Mass. App. Ct. 975 (1979).
5. Summary judgment for the plaintiff is vacated. This case is returned to the trial court for a hearing for the assessment of reasonable attorney’s fees. Judgment is then to be entered for the plaintiff for such attorney’s fees; for the full amount claimed by the plaintiff as outstanding note balances; for interest thereon; and for costs.

So ordered.

 The defendant’s answer consists of general denials and general assertions of the following affirmative defenses: failure to state a claim upon which relief can be granted; statute of frauds; statuti limitations; accord and satisfaction; and failure to join necessary parties.