*Northern District*
#6369

## LEONARD RAE

v.

## PAUL J. SWEENEY, et als

Argued: Jan. 11, 1967     Decided: Feb. 14, 1967

*Present:*   Brooks, P.J.,  Parker,  Yesley,  J.J.

Case tried to *Dewey, J.* in the District Court of Central Middlesex    #23009 RE-519

*Brooks, P.J.* *This is an action of tort for slander and libel initiated* in the Superior Court, subsequently remanded to the District Court. Defendants filed a Motion to Dismiss "declaration" which, after hearing, the District Court judge allowed and plaintiff claimed a report.

The primary issue is the correctness of the action of the trial court in granting the Motion to Dismiss "the declaration."

However one looks at it, the situation is apparently governed by Rule 13 of the Rules of the District Courts, the first paragraph of which is as follows:

> "Each party other than the plaintiff, including herein a trustee in scire facias or any claimant, shall, unless some other period is prescribed by statute, and except in actions of summary process, file his motion to dismiss, answer in abatement, demurrer, plea or answer, on or before the Thursday after the return day of the writ, notice or other process by which he or his property is brought before the court to answer in the action, or within three days after entry and notice thereof in case of late entry, and in case of failure by such party to comply with these provisions, the clerk shall without further order enter a default with respect to him."

What we are dealing with is a court pleading of unusual nature, — a Motion to Dismiss

"a declaration." At a casual glance, this would seem to come squarely within the above Rule which requires that a Motion to Dismiss be filed within a limited period after the return day of the writ, in this instance a time which has long since passed. There being, however, many kinds of motions, to some of which this section might not apply, we prefer to deal with the motion for what it really is, — a demurrer.

We are disposed to do this in part because of the following language in which the motion is expressed.

"Now come the defendants in the above entitled action and jointly and severally move that the plaintiff's declaration be dismissed because it does not comply with the requirements of G.L. c. 231, G.L. (Ter. Ed.) sec. 7, par. second which provides 'the declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action.' "

"This declaration is long, verbose, confusing and vague. It does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action at law against any of the defendants. The defendants ought not to be required to answer and to try such a mass of vagueness. *Flower* v. *Suburban Land Co.*, 332 Mass. 30, 32."

The language used in the Motion to Dismiss is precisely the language used in a demurrer. Indeed the case cited by defendant, *Flower* v.

*Suburban Land Co.,* arose under a demurrer. The answer to the question, "What is the nature of the motion?", is that it is in fact a demurrer.

The substance and not the form of the plea is important as stated in *Brotkin* v. *Feinberg,* 265 Mass. 295, 298, where the court said:

"The pleading filed by the administratrix, though entitled "Motion to Dismiss", was in substance a plea in abatement. If it had been so designated, there would be no question that it was in fact a plea in abatement. The nature of a pleading must be determined on the basis of the substance of the thing done and not on the name given it or the description applied to it. *Frati* v. *Jannini,* 226 Mass. 430, 432."

In *Rothstein* v. *Commissioner of Banks,* 258 Mass. 196 defendant filed a Motion to Dismiss. This was interpreted by the court to be a demurrer and was treated as such. See also *Frost* v. *Kendall,* 320 Mass. 623, 624. *Stoskus* v. *Stoskus,* 315 Mass. 12, 16.

Some of the cases cited arise in equity proceedings. However, this calls for no different result. In an analogous case where the statute of limitations was involved, *Beal* v. *Lynch,* 242 Mass. 65, one of the issues being whether in equity the court would take the same strict view as to punctuality of performance as does a court of law, the court said at page 69:

"There is every reason why the same limitation should prevail in cases of this sort in equity

as at law. Equity ordinarily follows the law as to statutes of limitation.''

In any event, the law certainly is not less strict than equity.

Assuming that the Motion to Dismiss was in fact a demurrer, it must be regarded as such for all purposes. As pointed out above, under Rule 13 of the District Courts, a demurrer has to be filed within a few days after entry of the writ. In the case before us, according to the docket the case was begun in the Superior Court, remanded from the Superior Court to the District Court. Several months after issues were joined, defendant filed his Motion to Dismiss.

Since April 12, 1966 would have been too late for the filing of the demurrer, it was too late for the Motion to Dismiss. The dismissal of ''the declaration'' was beyond the power of the Court.

As for the declaration itself, it could not unfairly be characterized as rather verbose. However, in its totality it seems to us to state substantive facts which constitute a cause of action.

**The dismissal is vacated, and the case is remanded to the District Court at Central Middlesex for trial.**

WEBB, WEBB & MARTIN
   of Waltham for Plaintiff
WILSON T. McCABE
   For Defendant