FRANCIS C. BURNHAM *vs.* CLERK OF THE FIRST DISTRICT
COURT OF ESSEX.

Essex.     March 8, 1967. — April 28, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Mandamus.    Clerk of Court.    Practice, Civil,* Filing of papers, Entry of
    judgment.    *Nunc Pro Tunc.*

Where it appeared that the clerk of a court refused to enter in an action a
    motion for a new trial by the plaintiff and subsequently, after the action
    had gone to judgment for the defendant, refused to enter a motion by
    the plaintiff that the court order the clerk to enter the motion for a new
    trial, it was proper, in a mandamus proceeding then brought by the
    plaintiff against the clerk, for the writ to issue commanding the clerk
    to enter the motion for a new trial as of the date when it was originally
    tendered to the clerk.

PETITION filed in the Superior Court on March 1, 1966.

The case was heard by *Macaulay, J.*

*Gardner L. McDonald* for the petitioner.

*William E. Carey,* for the respondent, submitted a brief.

SPIEGEL, J.     This is a petition for a writ of mandamus
for a supersedeas to issue and secure the return of the exe-
cution in the case of *Burnham* v. *MacWhinnie* brought in
the First District Court of Essex.     It also seeks an order
to compel the clerk of that court to file the petitioner's mo-
tion for a new trial.

The facts do not appear to be in dispute.     The petitioner,
appearing pro se, originally brought an action of replevin
in the District Court.     The trial judge found for the de-
fendant and assessed damages.     "The case was then car-
ried through the Appellate Division to this Court . . .
[which] affirmed the order of the Appellate Division dis-
missing the report. . . ." *Burnham* v. *MacWhinnie,* 350
Mass. 17.

On January 27, 1966, after the rescript, the petitioner de-
livered to the clerk of the First District Court of Essex the

written appearance of counsel together with a written motion for a new trial and "a request that the motion be placed on the list for hearing at the [m]otion session on February 3, 1966." On that date the petitioner appeared in the District Court with his attorney and witnesses. The judge refused to hear the motion. He stated that "there is nothing before me." The clerk had refused to file and enter on the docket the papers delivered to him on January 27, 1966. On February 4, 1966, judgment was entered for the defendant, plus costs, and subsequently an execution was issued.

On February 18, 1966, the petitioner delivered to the clerk a written motion "requesting that the Court order the [c]lerk . . . to file and enter in the [d]ocket all the papers including the appearance of counsel delivered to the [c]lerk . . . on January 27, 1966; that the [c]lerk . . . refused to file this motion or enter it in the [d]ocket." On March 1, 1966, the petitioner, appearing pro se, brought this petition for mandamus in the Superior Court. After a hearing, an order denying the petition was entered by the trial judge. The case is here on the petitioner's exceptions to the order of the judge.

The clerk argues that mandamus will not lie where there is a "speedy, plain and adequate remedy at law." He cites *Cambridge Sav. Bank* v. *Clerk of Courts for County of Hampden,* 243 Mass. 424, 427–428, and *Royal Tool & Gauge Corp.* v. *Clerk of the Courts for the County of Hampden,* 326 Mass. 390, 392. In the latter case we said, "[T]he petitioner's remedy for any failure of the clerk . . . would have been by simple motion in the court in which the case was pending for a direction to the clerk to take the proper steps and not by an independent petition for a writ of mandamus." But the petitioner did seek by motion to request the court to order the clerk to enter the previously tendered papers. The clerk refused to file that motion as well. In these circumstances we cannot say that the petitioner had an adequate remedy.

If the motion for a new trial had been accepted by the clerk when it was presented to him for filing on January 27,

it would have prevented the case from going to judgment on February 4. *Holmes* v. *Fitchburg & Leominster St. Ry.* 347 Mass. 313, 318. The same result will be accomplished by the entry of an order nunc pro tunc directing the clerk to enter the motion for a new trial. The clerk cannot justify his action of February 18 on the ground that the case had gone to judgment on February 4. Nor can the decision of the judge denying the petition for the writ be justified on that ground. The policy underlying the use of the entry of an order nunc pro tunc was discussed by us in the case of *Almeida Bus Lines, Inc.* v. *Department of Pub. Util.* 348 Mass. 331, 339. That policy will be served by the issuance of such an order in this case.

The exceptions are sustained. The writ is to issue directing the clerk of the First District Court of Essex to enter the petitioner's motion for a new trial and appearance of counsel as of January 27, 1966.

*So ordered.*