*Northern District*

No. 7612

LOUIS STELLA, INCORPORATED

*v.*

JOSEPH FUSCO, ET AL.

Argued: Sept. 6, 1971 - Decided: Feb. 14, 1972

*Present:* Parker, J. (Presiding), Mason, Durkin, JJ.

Case tried to *Forte, J.,* in the District Court of Middlesex No. 26042.

**Durkin, J.** *This is an action of contract* to recover on three counts, all for the same cause of action, the sum of $445.95 as the balance due for work done and materials provided in the nature of installation of a toilet in the defendant's home. The defendant's answer sets forth a general denial and a statement that the debt had been paid in full.

The defendants filed a document entitled "Counterclaim" claiming damages in the amount of $1200.00 for performance of the contract in such a negligent, unskilled and unprofessional manner as to breach the contract. To this "Counterclaim" the plaintiff filed an answer consisting of a general denial.

The judge found for the plaintiff on Counts I and II, each in the amount of $445.95, and for the defendants on Count III. The court found for the defendants on their "Counterclaim" in the amount of $1213.60.

None of the parties filed any request for rulings in connection with the hearing on the merits.

The plaintiff filed a motion for a new trial, which following a hearing was denied.

The case comes to us following the denial by the judge of the plaintiff's motion

for a new trial, he claiming to be aggrieved by the denial of his requests for rulings filed before argument upon that motion. Nothing else is before us. This is to be deplored, since the consideration of the pleadings and the filing of proper requests before the close of the hearing on the merits could have raised questions of law which would have prevented the filing of damages for the defendants.

The report which we have before us fails to set forth the requests for rulings which were denied in connection with the hearing of the motion for new trial. Notwithstanding the fact that we have received information as to the material which was included in such requests, we are not inclined to deal with the problems presented by this case upon this inadequate record.

Another problem might be presented by the failure to recognize that the matters set forth in the defendants' ''Counterclaim'' could not be properly raised by a declaration in set-off. The mere fact that a specific amount is claimed does not in and of itself mean that the declaration in set-off is a proper pleading. *Webber* v. *Johnson,* 342 Mass. 455.

At most, only recoupment was available to the defendants under their answer, and the finding of damages for the defendants was not warranted by the pleadings.

The claim which the defendants sought to raise could have been treated as an answer

in recoupment, since pleadings are to be interpreted according to their true character and not according to their title. *Hays* v. *Georgian, Inc.*, 280 Mass. 10, 15.

The right to recoup is the right to have unliquidated damages ascertained and applied in reduction of the plaintiff's demand, although the defendant cannot have judgment for any excess. *Barnett* v. *Loud,* 226 Mass. 447.

The report makes plain the confused state of the pleadings, failure on the part of the parties to recognize the issues which could properly be presented under the pleadings and the findings which could apparently be made thereon, the impropriety of setting forth in great detail in the report the evidence presented at the hearing on the merits; and to complete the confusion the report does not even set forth the requests which we are asked to review as to the judge's action thereon. Considering these factors, we remand this case to the District Court for a new trial upon the merits. We would expect that such a new trial would be held following action by the court upon such motions as the parties may make as may be appropriate to set forth in proper legal form the claims of the respective parties. **Findings for plaintiff defendants are vacated. New trial ordered.**

Robert J. Annese
   for the Plaintiff
Richard Schoenfeld, Jr.
   for the Defendants.