**John R. KILLION & another[1]**
vs.
**Stephen WHORISKEY**

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

February 29, 1980

Paul A. Schneider for the plaintiff.
Evelyn V. Henry for the defendant.

Present: Lee, P.J., Rider* & Welsh, JJ.

WELSH, J. This is a civil action sounding in contract in which the plaintiffs seek damages for the allegedly improper performance of, and the defective and incomplete

[1] Ann M. Killion.

workmanship by, the defendant in and about the construction of a home.

The defendant failed both to cause his written appearance to be entered, and to serve or file an answer or other responsive pleading.

Judgment by default was entered in the amount of $3,654.08 upon the application of the plaintiffs, and after an ex parte assessment of damages by the court. Rule 55(b)(2) of the Dist./Mun. Cts. R. Civ. P. No notice of the application for a default judgment or of the assessment of damages by the court was given to the defendant or his counsel by either the plaintiffs' counsel or by the court.

The defendant claims to be aggrieved by the court's denial of the defendant's motion for relief from judgment.

The report and the docket entries disclose that the defendant was duly served with process on April 1, 1977. The defendant retained counsel, and the parties met in an attempt to resolve the dispute between them. This dispute involved work to be done and materials to be furnished on a home recently acquired by the plaintiffs from the defendant. While this settlement process was going on, the plaintiffs' counsel, without notice to the defendant or his counsel, made application for a default judgment. Since no appearance was entered or answer filed by the defendant, the office of the clerk-magistrate had no reason to know that the defendant had retained a lawyer and wanted to contest the matter if settlement negotiations proved unsuccessful. The matter was treated consistently by the clerk's office with other cases in which the defendant had been duly served and failed to appear or answer. No notice of the hearing on the application for default judgment was given by the clerk to the defendant. This scenario was presented to the judge in the form of affidavits on the motion for relief from judgment, and the essential factual basis appears not to have been contested. The issue presented is whether or not the judge who heard the motion erred in failing to set aside the default judgment and to grant a trial on the merits.

1. While recognizing that a motion for relief from judgment rests largely, though not entirely, within the discretion of the trial judge, it is clear in this case that the basic facts bearing upon the motion were not in dispute. In our view, the judge erred in failing to grant relief from judgment and a trial on the merits. The plaintiff's counsel well knew that the defendant had retained an attorney and wished to contest the case in court in the event that a negotiated settlement was not achieved. Plaintiff's counsel's conduct in applying for and obtaining a judgment based upon an ex parte assessment of damages under such circumstances is not to be tolerated. See Supreme Judicial Court, Disciplinary Rules, DR 1-102(a)(4), 359 Mass. 787, 798 (1971); **Hutton v. Fisher,** 359 F.2d 913, 915 (3rd Cir. 1966). He certainly ought to have known that no notice of the application for a default judgment would, in the normal course, be sent by the clerk's office to the defendant or his counsel. See Reporters' Notes to Mass. R. Civ. P. 55.[2] There is ample authority under Dist./Mun. Cts. R. Civ. P. 60(b)(3) to allow relief from final judgment on the basis of fraud, misrepresentation or "other misconduct of an adverse party." Here, the conduct of the attorney in failing to disclose either to the court the fact that the other party wanted a hearing, or to the other party that he would move ex parte for the entry of a default judgment, makes it inequitable for him to retain its benefit.

We take a dim view of the apparent laxity of counsel for the defendant in failing to file an appearance or otherwise take steps to put the court on notice of his client's desire to contest the action in some way. Yet we are of the opinion that, notwithstanding such neglect on the part of the defendant's counsel, the calculated silence by the plaintiffs' counsel ought not to be allowed to operate to the detriment

---

[1] "If the defaulting party has not appeared in the action, he is not entitled to notice of the plaintiff's pending application for judgment. Bowles v. Branick, 66 F. Supp. 557 (W.D. Mo. 1946)."

★Although Honorable Daniel H. Rider was a member of the panel, he disqualified himself and took no part in either the deliberations or the decision in this case.

some way. Yet we are of the opinion that, notwithstanding such neglect on the part of the defendant's counsel, the calculated silence by the plaintiffs' counsel ought not to be allowed to operate to the detriment of the defendant and deprive him of the right to be heard. See **Hutton v. Fisher, supra.**

2. We are of the opinion that the failure to file an appearance or otherwise respond to the complaint may constitute excusable neglect when such failure was induced by a reasonable belief, on the part of the party failing to file, that the case was either settled or in the process of settlement. The Massachusetts Appeals Court reached essentially the same result on a somewhat similar factual basis. Feeney v. Abdelahad, Mass. App. Ct. (1978).[a] See **H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,** 432 F.2d 689 (D.C. Cir. 1970), and cases cited at 691-692; Andrews v. Harper-Truss & Sons, Inc., Mass. App. Div. Adv. Sh. (1979) 68.

3. We need not consider appellant's contention as to whether or not the involvement of the defendant's attorney ought to be deemed an appearance. We note that virtually all of the cases called to our attention involve the question of whether some sort of activity apparent from the docket or record is sufficient to be deemed an appearance. Rule 11(b) of the Dist./Mun. Cts. R. Civ. P. has in effect abolished the distinction between general and special appearances by providing that no appearance shall, of itself, constitute a general appearance.

We note parenthetically that if conduct of the parties or their attorneys "dehors the record" were deemed sufficient in itself to constitute an appearance so as to require the clerk to send notice to such parties, the administration of justice would be hampered. The clerk should not be required to initiate an inquiry as to whether or not counsel for the party seeking the default judgment has been contacted by an attorney for the opposing party relative to settlement. Rather, the burden should remain that of the party to appear in the manner indicated in Dist./Mun. Cts. R. Civ. P. 11(b), or take the risk of becoming defaulted or otherwise precluded from participating in the case.[3]

We hold that the motion for relief from judgment ought to have been allowed. The clerk of the trial court is to enter an order vacating the judgment. The defendant is to have twenty days from the date of entry in the trial court, or such further time as the trial judge might allow, to serve his answer or other pleadings.

Judgment for the plaintiffs is to be vacated, and the case is to stand for trial or other proceedings consistent with this opinion.

**So ordered.**
**J. Welsh**

---

[a]Mass. App. Ct. Adv. Sh. (1978) 159.
[3]An alternative might be to require the party seeking a default and/or default judgment to state under pains and penalties of perjury that no attorney had contacted him on behalf of the opposing party. This could be accomplished by a change in the rules.
[1]Doing business as Servpro of Webster-Oxford.