Larkin, J.
Plaintiff, Baystate Medical Center (hereinafter “Baystate”), filed a complaint in two counts against defendant Clyde McLaughlin, Jr. Count I alleged that Baystate was owed an amount of $2,108.12 based upon hospitalization and medical service rendered to defendant, plus interest, for a total amount claimed of $2,220.55.
Count II realleged the same operative facts but, in addition, alleged that defendant had executed a “financial agreement” signed at the time of defendant’s admission to the Baystate facility for medical care. In substance, this “agreement” provided that if Baystate employed the services of an attorney to collect the charges due it, then the defendant would consent to pay “reasonable” collection and attorney’s fees. Baystate, in Count II, requested a fee of $740.33 — a figure which was one-third of the amount sought to be collected in the principal action.
The defendant failed to file an answer or other responsive pleading and, in due course, Baystate filed a motion for default judgment. Accompanying the motion for default judgment was a “Memo of Damages” which included an affidavit from Baystate’s attorney as to prevailing fees both in the Commonwealth and in the county for handling these kinds of matters.
Following a hearing, a finding for the plaintiff was entered in the sum of the principal amount of $2,220.55. However, the trial judge reduced the amount of the attorney’s fee from the figure of $740.33, originally sought, to a figure of $250.00.
The question of whether the trial judge had the power to take this action in the face of *172 the “agreed upon” higher figure constitutes the sole question on appeal.
In this Commonwealth, agreements between parties are valid which contain provisions for the payment of attorney’s fees in the event an attorney is used to collect delinquent charges. Leventhal v. Krinsky, 325 Mass. 336 (1950). While agreements may obviously provide for precisely delineated and specified amounts, it is recognized that the more widely prevalent practice is simply to specify that the appropriate fee shall be a ‘ ‘reasonable one. ’ ’ ‘ ‘Reasonableness’ ’ can only be assessed on a case by case basis in the light of the totality of attendant circumstances surrounding the transaction or event at issue. In determining what is ‘ ‘reasonable’ ’ on the present record, it is at least relevant that the defendant and the plaintiffs attorney never entered into free bargaining relations with each other in any realistic sense. For this reason, the appropriate reference is not to what the attorney usually charges in matters of like scope or what the “prevailing rates’ ’ might be, but rather what the services rendered were objectively worth in the context of the litigation at issue. Heller v. Silverbranch Construction Corp., 1978 Mass. Adv. Sh. 2850: Hayden v. Hayden, 326 Mass. 587 (1950); Dillon’s Case, 324 Mass. 113 (1949).
In this regard, the trial judge is in a unique position to appraise the value of the services in question. He knows, for example, how long a trial may have lasted; the relative difficulty of the legal and factual issues involved in a proceeding; and the degree of diligence or competence demonstrated by a particular attorney. For all of these reasons, the determination of what constitutes a “reasonable attorney’s fee” is preeminently a question of fact and will not be overturned unless clearly erroneous. Heil v. McCann, 360 Mass. 507 (1971); Elliot v. Warwick Stores, Inc., 329 Mass. 406 (1952).
Finally, plaintiff’s reliance on the Uniform Commercial Code seems misplaced. M.G.L. c. 106, §2-301 (1) applies to the sale of goods and not to service contracts. Moreover, it is our view that M.G.L. c. 106, § 1-205 is equally inapposite because the lack of meaningful bargaining interaction between the defendant and plaintiffs attorney renders familiar “usages of the trade” considerations inapplicable.
There being no prejudicial error in the court’s finding of reasonable attorney’s fees, the report is dismissed.