This certifies that this is the opinion of the Appellate Division in this cause.

Suzanne Hurley
Clerk, Appellate Division

**FORSTER LUMBER CORPORATION**
vs.
**Roger NOISEUX and Frank MISTRETTA, both d/b/a NOYSA DORMER and NOYSA CONSTRUCTION, INC.**

No. 8729

Appellate Division of the
District Court/Northern District
Trial Court of the
Commonwealth of Massachusetts

**August 20, 1982**

Robert D. Brooks, Esq., counsel for plaintiff
Earle H. Smith, Esq., counsel for defendants

## OPINION

**Tiffany, J.** The basis of this suit is an action in contract to recover for building materials and supplies allegedly furnished in the amount of $4,660.58 to Noysa Construction, Inc., and in the sum of $5,975.59 to defendants, Noiseux and Mistretta. A voluntary dismissal of the action against the corporate defendant was filed on April 8, 1980, and the present appeal was initiated by the defendants, Noiseux and Mistretta, doing business as Noysa Dormer.

The report indicates that all of the defendants were served with process on June 28, 1979, and that none of the defendants filed an answer. The only appearance of record appears to be that of defendant Noiseux which was filed on November 23, 1979. The docket suggests that this appearance was for the purpose of opposing plaintiff's motion to attach real estate of the defendant, Noiseux. The plaintiff's motion for attachment was, in fact, denied on November 23, 1979.

A request for default as to defendant Noiseux was filed on January 4, 1980, and for Mistretta on March 28, 1980. On May 8, 1980, a judgment by default was entered against Noiseux and Mistretta in the sum of $5,975.59 with interest and costs. The docket indicates that no notice of either the entry of default or the assessment hearing prior to the default judgment was issued to the defendants.

Execution was issued on May 19, 1980, and pursuant thereto real estate of the defendants was seized, levied upon and advertised for sale at public auction.

The real estate was purchased on August 21, 1980 by the defendants for the

full amount of the execution, which was thereafter returned to the trial court as satisfied in full.

On August 5, 1980, prior to the sale, the defendants filed a Dist./Mun. Cts. R. Civ. P. 60(b)(1) motion for relief from judgment on the grounds of mistake, inadvertence, surprise and excusable neglect. An affidavit submitted by the defendant, Noiseux, in conjunction with the motion stated:

"1. That after this Honorable Court denied the plaintiff's motion to attach my real estate, I negotiated with the plaintiff regarding any personal indebtedness I might have or that Frank Mistretta might have to the plaintiff.

"2. That as a result of the said negotiations, the plaintiff agreed to accept the sum of $3,660.00 in full settlement of the indebtedness of the said Roger Noiseux and the said Frank Mistretta to the plaintiff and the said amount was paid to the plaintiff.

"3. Therefore, the said defendants thought this case was settled as to the said Roger Noiseux and Frank Mistretta and the judgment by default against them is a mistake and surprise within the meaning of the Massachusetts Rules of Civil Procedure."

A copy of a cancelled check issued by defendant Noiseux to the plaintiff on July 24, 1979 in the amount of $3,660.00 was submitted to the trial court. The check bore the notation, "final payment Graves and Murray Upland Road."

The court denied the defendants' Rule 60 motion on August 19, 1980, and this denial is the subject of defendants' appeal to this Division.

Accepting as true the uncontradicted allegations of the defendants' affidavit, **Farley v. Sprague,** 374 Mass 419, 424 (1978), it would appear that the default and default judgment were sought by the plaintiff and entered by the trial court without notice or advance warning to the two defendants who believed that the case against them had been settled in full. The primary issue on this appeal is whether a failure to answer or otherwise mount a defense to a complaint which is predicated on such a belief constitutes excusable neglect within the purview of Dist./Mun. Cts. R. Civ. P. 60(b)(1).

It has been stated generally that "a party remains under a duty to take legal steps to protect his interest, and a simple disregard or neglect of such duty does not ordinarily justify relief from judgment." **Consumers Credit Union v. Florentine,** Mass. App. Div. Adv. Sh. (1979) 447, 449. Several options were available to the defendants, both prior and subsequent to their negotiations with the plaintiff, to effect dismissal of the suit or to otherwise limit their liability. The defendants could have submitted their settlement offer to the plaintiff in the form of a written Dist./Mun. Cts. R. Civ. P. 68 offer of judgment which may have ripened into a binding judgment. The defendants could have answered by an accord and satisfaction affirmative defense and proceeded to trial. Further, the defendants could have secured a written release for the settlement sum and submitted the same to the trial court in opposition to plaintiff's claim. A littany of the strategies or alternatives potentially available to the defendants, however, simply begs the question at issue; namely, whether the defendants' inaction or neglect was excusable on the basis of their belief that the instant case had been voluntarily settled before trial.

It would appear that under certain circumstances a "failure to file an appearance or otherwise respond to the complaint may constitute excusable neglect when such failure was induced by a reasonable belief, on the party failing to file, that the case was either settled or in the process of settlement." **Killion v. Whoriskey,** 80 Mass. App. Div. Rep. 37, 38 (1980) and cases cited. A defendant may obtain relief from a default judgment when the adverse party, with full

knowledge of both his opponent's reliance on settlement negotiations and retention of counsel, applies without warning for a default and is aware that no notice of the same will be forwarded to his opponent by the court. **Ibid.** The plaintiff's claim in **Killion** was for an unliquidated amount and thus necessitated a Dist./Mun. Cts. R. Civ. P. 55(b)(2) hearing for assessment of damages prior to judgment. Rule 55(b)(2) prescribes notice to a defendant who has appeared in the action. The court concluded in **Killion** that, although an appearance had not been filed in court by the defendant, in view of the parties' efforts to resolve the dispute and the plaintiff's knowledge that the defendant had retained counsel, it would be inequitable for the plaintiff to retain the benefits of a default judgment when no notice had been issued to the defendant of the assessment hearing for the damages awarded in such judgment. The same result was achieved in **Feeney v. Abelahad,** 6 Mass. App. Ct. 849, 850 (1978) and **Andrews v. Harper-Truss & Sons, Inc.,** Mass. App. Div. Adv. Sh. (1979) 68, 81 wherein it was held that a denial of a motion to vacate a judgment entered after a default and without notice to a defendant or his attorney of a hearing on the assessment of damages constituted an abuse of discretion.

As the plaintiff's claim in the instant case was for a sum certain, a default judgment was properly entered by the office of the clerk-magistrate under Dist./Mun. Cts. R. Civ. P. 55(b)(1) without a hearing for assessment of damages. This rule contains no provision for notice to the defaulted party.

Drawing upon the tenor of the **Killion** decision, however, we conclude that Dist./Mun. Cts. R. Civ. P. 60 relief should have been accorded to the defendants herein. The defendants' belief in and reliance upon their settlement of this case was reasonable. They received no notice of the entry of a default against them. An appearance of record filed by their counsel, ostensibly for the purpose of opposing the plaintiff's motion for attachment, should have put the court and the plaintiff on notice that the defendants wished in some manner to contest the case. The extreme prejudice visited upon the defendants by a $5,975.59 judgment on a claim which had been allegedly settled more than outweighs any disadvantage which may be placed upon the plaintiff by a restoration of this case to a triable status. Finally, the defendants acted promptly in submitting their Rule 60 motion and have alleged a defense worthy of judicial investigation. See **Berube v. McKesson Wine & Spirits Co.,** 7 Mass. App. Ct. 426 (1979).

On the basis of the foregoing, it would be inequitable to allow the plaintiff to retain the benefit of the default judgment entered against the defendants herein.

The office of the clerk-magistrate of the trial court is to enter an order vacating judgment, and further proceedings in this matter are to be in accordance with the Rules of Civil Procedure for the District and Municipal Courts.

Judgment for the plaintiff is to be vacated, and the case is to stand for trial.

**Elliott T. Cowdrey, P.J.**
**Richard L. Banks, J.**
**James B. Tiffany, J.**

This certifies that this is the opinion of the Appellate Division in this cause.

**Suzanne Hurley**
**Clerk, Appellate Division**