This certifies that this is the opinion of the Appellate Division in this case.

**Suzanne Hurley**
**Clerk, Appellate Division**

**Boyd ROBERTS**
vs.
**Leonard B. KILGORE**

**No. 8748**

U.S. District Court
Appellate Division/Northern District
Trial Court of the
Commonwealth of Massachusetts

February 17, 1983

**Robert K. Gordon, Esq.**, counsel for plaintiff.
**William T. Harrod, III, Esq.**, counsel for defendant.

## OPINION

**Cowdry, P.J.** This is an action in contract in which the plaintiff seeks to recover a balance of $18,633.34 allegedly due on a promissory note executed by the defendant. A default judgment for this sum plus $2,795.00 in interest, $1,072.45 for attorneys fees and $19.16 in costs was entered on November 12, 1980. The defendant is before this Division on a charge of error in the lower court's denial of his Dist./Mun. Cts. R. Civ. P. 60 motion for relief from the default judgment entered against him.

The report suggests that on November 8, 1979, prior to the plaintiff's institution of suit, the defendant received a letter from plaintiff's then counsel, Attorney Richard Savoy, concerning payment arrearages on a promissory note executed by the defendant in 1972. Mr. Savoy acknowledged in said letter that he was aware that the defendant had previously contacted the plaintiff about a debt owed by the plaintiff to the defendant which arose out of the same transaction to which the promissory note related. By letter dated January 11, 1980, the defendant informed Mr. Savoy that he would be out of the country until January 28, 1980 and would discuss the matter further upon his return.

The plaintiff filed a complaint in the Salem Division of the District Court Department on March 5, 1980. Service was made at the defendant's home address while the defendant was in Europe; and a return of service was docketed on March 20, 1980. The defendant acknowledged receipt of the summons in a letter to Mr. Savoy on March 24, 1980. The letter also presented information relative to the parties' 1972 transaction; alleged the existence of certain debts owed by the plaintiff to the defendant arising from said transaction; and asserted that the total amount of the plaintiff's obligations were to be applied in reduction of the defendant's indebtedness

under the promissory note in question.[1] The concluding paragraphs of the defendant's letter stated:

"After receiving your letter, I was ready to send over our files but I figured that this must stop some place.

"I have not had time to go to an attorney but wanted to write to you first.

"If this goes to Court, I would want to summons Mr. Day, Mr. Cronin, the Beverly attorney, Mr. Roberts' secretary and summons Mr. Roberts' internal revenue reports for the years involved. I prefer not to go through all of this.

"If you are willing to sit down with my son and go over this figure, I will be glad to continue to pay you $400.00 a month until the agreed sum is paid.

"If you will let me know as soon as possible, I will make the necessary arrangements."

The defendant forwarded a copy of the letter in question to the Clerk-Magistrate of the Salem Division. Receipt of the letter was not docketed.

In response to the defendant's letter, Savoy wrote to the defendant on March 26, 1980 that he would be "pleased to sit down with your son and go over the figure and other materials which you have relating to the background of this case. I would first like an opportunity to discuss this matter with my client. I hope an amicable settlement of this matter can be reached."

In an affidavit submitted in conjunction with his Dist./Mun. Cts. R. Civ. P. 60 motion, the defendant averred that he expected as a result of Savoy's March 26, 1980 letter to be contacted by the plaintiff. No such contact was made. On April 24, 1980 the defendant forwarded to Savoy a check payable to the plaintiff in the sum of $400.00 to denote his serious intention to pay his obligation to the plaintiff.

On August 18, 1980, plaintiff failed a Dist./Mun. Cts. R. Civ. P. 55(a) motion for a default judgment. The docket indicates that a request for a default judgment pursuant to Rule 55(b) and a motion for the assessment of attorneys' fees were filed on November 12, 1980 by the plaintiff. There is no indication in either the report or docket entries that a hearing was held to assess attorneys fees, or that the sum awarded to the plaintiff for such fees was in any way judicially determined. No notice of the plaintiff's Rule 55 requests was issued by the lower court to the defendant. The plaintiff did not effect service of his motions on the defendant.

The docket indicates that judgment for the plaintiff was awarded on November 12, 1980, and that execution issued November

---

[1] The letter stated, in relevant part, that "After I purchased the Boyd Roberts Insurance Agency from Boyd Roberts, the Travelers Insurance Company cancelled the insurance on many of Roberts' assureds for non-payment of premium. These were for policies written prior to my takeover. The Travelers were confronted by these assureds with cancelled checks made out to Boyd Roberts and the funds collected by Boyd Roberts were not turned over to the Travelers. Mr. Day, the manager of the Travelers, was so disturbed he indicated to me he was going to bring charges against Boyd Roberts. I prevailed upon Mr. Day to let me pay the Travelers for any assured that he have a receipted bill or a cancelled check and I would pay the Travelers and deduct it from payments that I owed to Boyd Roberts. His secretary, who was personally acquainted with Mr. Day, told him that Boyd Roberts would collect these checks and not deposit them in the agency account. By my paying the Travelers for these cancelled policies, Mr. Day agreed to drop any further charges.

"The next item of deduction concerned an automobile dealer who was a customer of Boyd Roberts and his premium was about $12,000.00 a year. Boyd Roberts bought a car from this dealer and made arrangements to deduct the price of the car from the premiums he owed us. The dealer showed statements and agreements.

"My son and my secretary had over 6 meetings with Mr. Roberts' accountant, a C.P.A., by the name of Cronin. Mr. Cronin agreed with our figures paid to Travelers and the deduction for the car dealer. After two or three years, Boyd Roberts went to an attorney in Beverly and my son had a meeting with Boyd Roberts and the attorney. This attorney was satisfied with the records of my payments to Travelers for Boyd Roberts and the car dealer."

25, 1980. On or about March 20, 1981, the defendant received a letter from plaintiff's counsel, Attorney Robert K. Gordon, which stated that Mr. Gordon had been retained to collect a judgment in the sum of $22,519.95 plus interest entered against the defendant.

Six days later, on March 26, 1981, the defendant submitted a Rule 60(b)(1) motion for relief from judgment. In an affidavit filed therewith, the defendant stated that he had intended his transmission to the lower court clerk of a copy of his March 24, 1980 letter to Savoy as an answer, and that he believed such answer entitled him to notice of all subsequent court proceedings. The defendant's Rule 60(b)(1) motion was denied by the court on July 3, 1981.

1. The default judgment against the defendant herein was improperly entered. Accordingly, the denial of the defendant's Rule 60 motion for relief from said judgment is hereby reversed.

Judgments pursuant to Rule 55(b)(1) are restricted to those cases wherein the plaintiff's claim is for a liquidated amount. A default *per se* may be validly entered by the clerk pursuant to Rule 55(a) only against a party who "has failed to plead or otherwise defend as provided by these rules." We concur with the defendant in his contention herein that he did not fail to appear, plead or otherwise defend himself in this action. Whether viewed as the submission of a responsive pleading or as an appearance, the transmission by the defendant of a copy of his March 24, 1980 letter to the lower court clerk constituted the defendant's *pro se* entry into this litigation for Rule 55 purposes.

The nature and character of any pleading or document, however inartfully drawn, is to be adjudged on the basis of its substance rather than its denominated caption or form, or any description applied to it. **Modern Distributors, Inc. v. Wolin,** 60 F.R.D. 235 (N.D.Ill.1973); **Tierney v. Tierney,** 332 Mass. 414, 416-417 (1955); **Blotkin v. Feinberg,** 265 Mass. 295, 299 (1928); **Roe v. Sweeney,** 36 Mass. App. Dec. 130, 133 (1967). A determination of the status to be accorded the defendant's March 24, 1980 letter must be consistent with the liberal pleading policies embodied in the Massachusetts Rules of Civil Procedure which are designed to simplify civil practice, to facilitate pleading and to eliminate undue emphasis on technicalities. **Friedman** v. **Jablonski,** 371 Mass. 483, 488 (1976). In interpreting the defendant's March 24, 1980 letter "so as to do substantial justice," Dist./Mun. Cts. R. Civ. P. 8(f); **Guardianship of Bassett,** 7 Masss. App. Ct. 56,66 (1979), we concluded that said letter should have been accepted and docketed by the trial court clerk as the defendant's *pro se* answer to the plaintiff's complaint,[2] at least for the purposes of avoiding the subsequent entry of default.

Pleadings drafted and filed by laymen are held "to less stringent standards than formal pleadings drafted by lawyers," **Haines** v. **Kerner,** 404 U.S. 519, 30 L. Ed. 2d 652, 654, 92 S. Ct. 594 (1972) and must thus be construed liberally. **Willis** v. **Reddin,** 418 F.2d 702, 703 (9 cir. 1969); **Harrell v. Directors of Bureau of Narcotics,** 70 F.R.D. 44,446 (E.D. Iowa 1975). So construed, the defendant's letter may be considered an answer which admitted the existence of that promissory note forming the basis of the plaintiff's claim and which asserted the existence of debts owed by the plaintiff to be considered in set-off or recoupment. See **Stella, Inc.** v. **Fusco,** 48 Mass. Appl. Dec. 40, 43-44 (1972). The contents of the defendant's letter thus satisfied the "primary function of pleadings to give fair notice of the claims and defenses of the parties." **White** v. **Spence,** 5 Mass. App. Ct. 679, 685 (1977). Compare **Wollock** v. **City of Pagedale,** 41 F. R.D. 547 (E.D.Mo. 1966).

2. The defendant's March 24, 1980 letter may also be deemed to have constituted an appearance. The latter may be broadly

---

[2] See, e.g., **Pace v. Super Value Stores, Inc.,** 55 F.R.D. 187 (S.D. Iowa 1972); **Boyd v. Jordan,** 60 F.R.D. 203 (E.D.N.C. 1973); **Dalminter, Inc. v. Jessie Edwards Inc.,** 27 F.R.D. 491 (D.C. Tex. 1961).

defined as "some presentation or submission to the court." **Port-Wide Container Co.** v. **Interstate Maintenance Corp.,** 440 F.2d 1195, 1196 (3 cir. 1971). Rule 11(b) of the Dist./Mun. Cts. R. Civ.P. specifically provides that the "filing of any pleading, motion or **other paper** shall constitute an appearance by the attorney who signs it, unless the paper states otherwise (emphasis supplied)." The submission by a defendant, acting *pro se*, of a letter to the trial court clerk drafted in obvious response to the plaintiff's complaint and summons may thus be considered an appearance. See **H. F. Livermore Corp.** v. **Aktiengesellschaft Gebruder Loepfe,** 432 F.2d 689 (D.C. Conn. 1970).

3. Our determination that the defendant's letter constituted a form of appearance or defensive pleading compels the conclusion that no judgment of default could have been properly entered herein.

As noted above, a defendant may not be defaulted pursuant to Rule 55(a) unless the defendant "has failed to plead or otherwise defend . . ." Second, a judgment of default may not be entered in the District Court Department by a clerk under Dist./Mun. Cts. R. Civ. P. 55(b)(1) unless the plaintiff's claim is for a "sum certain or for a sum which can be computation be made certain." See **Sound Sellers, Inc.** v. **Kaitz,** 1981 Mass. App. Div. 36, 38. The report is devoid of any evidence that the defendant's promissory note contained an agreement for attorneys' fees in a designated amount of set forth a specific percentage basis upon which such fees were to be calculated. The plaintiff's motion for attorneys' fees did not request a sum certain, but in fact sought the "assessment" of "reasonable" attorneys fees. A hearing should have been held, **Ferraro** v. **Arthur M. Rosenberg Co. of New Haven, Ct.,** 156 F.2d 212 (2 Cir. 1946); **Plasko** v. **Orser,** 373 Mass. 40, 44 (1977); **Baystate Medical Center** v. **McLaughlin,** 1980 Mass. App. Div. 1971, 1972. The obvious and logical necessity for such hearing should have made it abundantly clear to the clerk that no default judgment could have been validly entered under Rule 55(b)(1).

In any event, the defendant herein would be entitled to relief even if the default judgment at issue had been entered correctly by the court pursuant to Rule 55(b)(2). Said subsection states:

"if the party against whom judgment by default pursuant to this paragraph is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least 7 days prior to the hearing on such application."[7]

If the lower court clerk had properly docketed the defendant's March 24, 1980 letter, the clerk would have been aware of the defendant's appearance[3] and would hopefully have complied with this notice provision. No notice of the plaintiff's request for default judgment, however, was issued to the defendant. A Rule 55(b)(2) default judgment entered without the necessary notice to a defendant must be set aside. **Wilver** v. **Fishea,** 387 F.2d 66, 69 (10 Cir. 1967); **Zaro** v. **Strauss,** 167 F.2d 218, 220-221 (5 Cir. 1948). It is an abuse of discretion to deny a motion for relief from a default judgment issued without any prior notice to a defendant. **Feeney** v. **Abelahad,** 6 Mass. App. Ct. 849, 850 (1978); **Andrews** v. **Harper-Truss & Sons, Inc.,** Mass. App. Div. Adv. Sh (1979) 68, 71.

4. Finally, it would be inequitable to permit the plaintiff to retain the benefits of the default judgment entered against the defendant herein. See **Killion** v. **Whoriskey, supra** at 38. Counsel for the plaintiff was well aware of the defendant's attempts, before and after the institution of

---

[3] We are not requiring a clerk to investigate whether the conduct of the parties or their attorneys "dehors the record" is sufficient to constitute an appearance for Rule 55(b)(2) notice purposes. See **Killion v. Whoriskey,** 1980 Mass. App. Div. 37, 39. We are, however, demanding, once again, that "every decision or finding rendered by the court and every pleading, motion or other document filed by a party should be the subject of a separate docket entry which is appropriately labeled, accurately dated and recorded in chronological order." **Bernard J. Basch & Sons v. Travelers Indem. Co.,** 1981 Mass. App. Div. 251, 253.

this suit, to achieve a negotiated settlement of this matter both through him and with the plaintiff directly. The defendant's March 24, 1980 letter made it abundantly clear to plaintiff's counsel that the defendant would contest this case in court if such a settlement were not reached. Counsel nevertheless requested that a default judgment be entered for an uncertain sum by the clerk pursuant to Rule 55(b)(1), a rule which does not provide for notice to the defendant. Finally, plaintiff's counsel failed to apprise or warn the defendant directly of plaintiff's request for a default judgment or motion for attorneys fees by effecting service on the defendant of these motions in accordance with Dist./Mun. Cts. R. Civ. P. 5(a).

5. The denial of the defendant's Dist./Mun. Cts. R. Civ. P. 60 motion is hereby reversed. Judgment for the plaintiff is vacated, and this case is remanded for further proceedings and trial.

<div align="right">

Elliott T. Cowdrey, P.J.
John P. Forte, J.
James B. Tiffany, J.