Forte, J.
This action in contract commenced on February 7,1979 pursuant to G.L.c. 60 § 35 to collect unpaid personal property taxes for the tax years 1971 through 1979. Service was made upon the defendant almost nine months later on October 30, 1979. Eleven months thereafter, on September 12, 1980, the return of service was filed in court. On September 12, 1980, the defendant was defaulted and on December 12,1980, pursuant to Dist./Mun. Cts. R. Civ. P., Rule 55 (b)(1), judgment entered.
Three months thereafter on March 6, 1981, the plaintiff applied for supplementary process. On June 8, 1981, the defendant appeared for examination and in open court was given to August 17,1981 to satisfy the judgment. This later extended to September 21, 1981.
On September 10, 1981, the defendant for the first time was represented by counsel who filed a motion for relief from judgment pursuant to Rule 60 (b), Dist./Mun. Cts. R. Civ. P., and to set aside the default pursuant to Rule 55 (c). This motion was heard on September 18, 1981 at which time defense counsel argued that there was a valid defense (the statute of limitations) for the earliest *173 two tax years and produced and offered a bank check in the amount of $6000 for the remaining tax years. Although the check was refused, plaintiff’s counsel agreed that the statute of limitations-would bar recovery for the earliest two tax years of the complaint.
The motion judge allowed the motion on September 23, 1981, granting relief from judgment and removing the default.
Thereafter, on October 9,1981, a second judge granted the defendant’s motion for summary judgment and entered judgment for the plaintiff for the tax years 1973 through 1979.
The plaintiff claims to be aggrieved by the allowance of the defendant’s motion for relief from judgment and for the removal of the underlying default.
There was no error.
A motion for relief from judgment addresses itself to the judge’s discretion. Trustees of the Stigmatine Fathers, Inc. v. Secretary of Administration and Finance, 369 Mass. 562, 565 (1976); Consumers Credit Union v. Florentine, Mass. App. Dec. Adv. Sh. (1979) 447.
“Default judgments are generally disfavored and whenever it is reasonably possible, cases should be decided on their merits. Where a timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved infavor of the motion to set aside judgment so that cases may be decided on their merits.” P.C.M., Inc. v. Cambridge Motor Inn, Inc., Mass. App. Dec. Adv. Sh. (1978) 239, at 249.
The motion for relief was made within a reasonable time and within one year after judgment. See Cohen, Trustee v. Romey, Mass. App. Dec. Adv. Sh. (1977) 1163 (held 239 days a reasonable time); Averbuck et al v. Stoller, 4 Mass. App. Ct. 791 (1976) (325 days).
At the motion hearing, the plaintiff s attorney agreed that the defendant had a valid and meritorious defense.
There was no abuse of discretion.
The Report is dismissed.