Doyle, P.J.
In this action commenced on May 16,1984, the plaintiff alleges' that she incurred medical expenses as a result of injuries sustained in an automobile accident on December 16, 1983; and that such injuries are compensable under the Personal Injury Protection insurance coverage. provided by the defendant. The plaintiff seeks triple damages, interest, costs' *168 and attorneys’ fees for the defendant’s alleged bad faith and violations of G.L.c. 93A and G.L.c. 176D in failing to satisfy her insurance claim.
Damages, inclusive of attorneys’fees, were assessed in the sum of $7,256.30 subsequent to the entry of a default on August 3, 1984.
The defendant now claims to be aggrieved by the trial court’s denial of its Motion to Remove Default and Answer Late and by the court’s denial of two other post-judgment motions and requests for rulings of law.
The report of the trial justice indicates the following: Subsequent to the May 16, 1984 commencement of this action, the plaintiffs attorney and the defendant engaged in settlement negotiations for a two month period during which plaintiffs counsel agreed not to default the defendant. These negotiations reach an impasse in July, 1984. On July 16,1984, the defendant’s attorney forwarded a letter to plaintiff’s counsel in which the former confirmed their agreement to reschedule a deposition to a later date; requested an additional twenty (20) days to respond to the complaint; and requested plaintiffs counsel to advise him as to whether these requests were acceptable.
On July 20,1984, the defendant’s answer was served on plaintiffs counsel and mailed to the trial court. The answer was received by the court on July 24, 1984 and returned that day by the clerk’s office with a notation that the answer was filed late and that the plaintiff had submitted a request for a . default on the preceding day. The plaintiffs request for a default was thus forwarded to the trial court three days after service of the defendant’s answer was effected.
Defendant’s counsel immediately contacted the trial court clerk, was informed that an actual default had not yet been entered, and thereupon endeavored anew to file its answer. The clerk’s office, however, again returned the answer on July 30, 1984 with a notation that such responsive pleadings was untimely. On the same day, July 30,1984, the defendant filed a Motion to Remove Default and File Answer Late,
A default was not actually entered in this case until August 3, 1984.
On August 8,1984, defendant’s Motion toRemove Default and Answer Late was heard and taken under advisement. The motion was denied later that same day, but notice of said denial was mailed by the clerk directly to the defendant rather than to the def ndant’s counsel of record.
On August 15, 1984, the plaintiff filed a motion for an assessment of damages, and entry of judgment which was placed on an August 22, 1984 hearing list. The defendant did not receive written notice of this motion until Friday, August 17, 1984.
On August 22,1984, defendant’s counsel appeared and presented a motion for a continuance of the assessment hearing on the grounds that he had recieved no notice of the denial of his earlier motion to remove the default and ’ had not received the seven day notice of a default judgment hearing mandated by Dist./Mun. Cts. R. Civ. P., Rule 55(b)(2). The August 22,1984 hearing was then devoted exclusively to the question of a continuance; no witnesses testified at such hearing and no evidence relative to damages was presented. The court took the motion under advisement. Later that day, however, the court not only denied the request for a continuance, but also allowed the motion for an assessment and entered a default judgment for the plaintiff in the sum of $7,256.30 inclusive of attorney’s fees.
The defendant thereafter filed, and the trial court denied, a “Motion for Rehearing or in the Alternative For Relief from Judgment” and a “Motion to Amend Findings or in the Alternative for a New Trial.” The latter motion was supported by requests for rulings of law.
*169 1. Rule 55(a) of the Dist./Mun. Cts. R. Civ. P. states that a default shall be entered when a party “has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise.” The rule neither expressly or inferentially permits the defaulting of any party who has been precluded from asserting a defense in consequence of a usurpation of judicial authority or intrusion into the adversary system by a ministerial agent of the court.
General Laws c. 218 §12 charges district court clerks with “the care and custody of all the records, books and papers appertaining to, or filed or deposited in, their respective offices.” Nowhere in this limited, statutory grant of record-keeping authority is the right to refuse to accept and docket pleadings, motions or other papers presented for filing. A trial court clerk is a “ministerial officer of the courts and is subject to the direction of the courts in the performance of his duties.” Boston v. Santuosso, 308 Mass. 202, 206 (1941); Patrick v. Dunbar, 294 Mass. 101, 104 (1936). A clerk’s failure or refusal to perform these record-keeping duties can usually be remedied by simple motion in the trial court. Burnham v. Clerk of the First District Court of Essex, 352 Mass. 466, 467, (1967). In extreme cases, mandamus will lie. Burnham at 467.
The trial court clerk’s lack of any authority to reject and return the defendant’s answer herein is too obvious to require extended discussion. Equally apparent is the needless expenditure of time, effort and money engendered by the clerk’s error. The record is clear. The defendant served its answer on plaintiffs counsel three days prior to the latter’s request for a default. The defendant endeavored to file its answer on July 24 and July 30, 1984, both of which dates preceded the actual August 3,1984 entry of a default in this case. Under such circumstances, the defendant had not failed “to plead or otherwise defend” on August 3} 1984, and no basis thus existed-for the clerk’s Rule 55(a) entry of a default on that date. See Riley v. Davison Construction Co., 381 Mass. 432, 441-442 (1980).
2. Pursuant to Dist./Mun. Cts. R. Civ. P., Rule 55(c), an entry of default may be set aside in the court’s discretion upon “good cause shown.” Silky v. New England Tel. & Tel. Co., 9 Mass. App. Ct. 816 (1980); Kenney v. Rust, 17 Mass. App. Ct. 699, 702-703 (1984). A default is an extreme sanction, Henshaw v. Travelers Ins. Co., 377 Mass. 910, 911 (1979), disfavored in the law, which runs counter to prevailing judicial preference for trials on the merits with full participation by all parties. Waltham v. Dexter, 1983 Mass. App. Div. 172, 173; J. SMITH & H. ZOBEL, RULES PRACTICE, §55.8 (8 M.P.S. (1977) ) and case cited. Further, Dist./Mun. Cts. R. Civ. P. Rule 6(b) vests sufficient discretion in a trial justice, Goldstein v. Barron, 382 Mass. 181, 185 (1980); Patterson v. Hantzes, 5 Mass. App. Ct. 806 (1977), to extend the time for submitting an answer, the late filing of which is attributable to excusable neglect. See Killion v. Whoriskey, 1980 Mass. App. Div. 37, 38 and cases cited.
The defendant’s answer, which was originally withheld during settlement negotiations and later improperly refused twice by the trial court clerk, sets forth specific denials and affirmative defenses to the plaintiffs claim. The damages sought by the plaintiff were not insubstantial, and no inordinate delay attended the defendant’s efforts to submit a responsive pleading. Given the operation of these and other circumstances in this case, including the clerk’s refusal to accept and docket the defendant’s answer prior to any entry of a default, the defendant’s motion to remove the sebsequent default and to file its answer late should have been allowed.
3. The defendant’s submission of its Motion to Remove Default and Answer *170 Late constituted an appearance cognizable under Dist./Mun. Cts. R. Civ. P. Rule 11(b)(1) which precluded the entry herein of any default judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 55(b)(1). Old Colony Bk.. & Tr. Co. v. Tacey Transport Corp., 10 Mass. App. Ct. 825, 827. This appearance also entitled the defendant to a seven (7) day written notice of any application for a default judgment under rule 55 (b)(2). A Rule 55(b)(2) default judgment issued without sufficient notice to a defendant of a hearing on the assessment of damages must be set aside. Feeney v. Abdelahad, 6 Mass. App. Ct. 849, 850 (1978); Roberts v. Kilgore, 1983 Mass. App. Div. 37, 40 and cases cited.
It is clear from the report before this Division that no hearing for the assessment of damages was actually conducted in this case. “In the absence of an account annexed or other liquidated sum, it is not appropriate to award a default judgment granting the full sum set forth in the plaintiffs complaint without holding an evidentiary hearing to assess damages.” M. Clifton Edson & Son v. McConnell, 9 Mass. App. Ct. 930 (1980). The plaintiffs complaint sought punitive damages three times the $2,000.00 limit on Personal Injury Protection benefits, “together with interest, costs and reasonable attorney’s fees.”“Reasonable attorneys’ fees” does not signify a sum certain or a sum which can by computation be made certain. The question of what is “reasonable” is one of fact for a trial court, the determination of which requires a hearing of other evidentiary submission. Baystate Medical Ctr. v. McLaughlin, 1980 Mass. App. Div. 171, 172. See also, MacDonald v. Hawker, 11 Mass. App. Ct. 869, 878 (1981).
As a default was improperly entered herein, and as no hearing was conducted to assess damages with an opportunity for the defendant to be heard, the trial court’s Rule 55(b)(2) default judgment must be vacated.
4. Judgment for the plaintiff is vacated. The default is hereby removed. The defendant’s answer is to be entered on the docket as of July 24,1984, nunc pro tunc. This case is remanded to the trial court for further proceedings.