Forte, J.
In this action commenced on May 20, 1980, the plaintiff seeks damages for alleged fraudulent representations made by the defendant in connection with the plaintiffs purchase in 1972 of an apartment building in Boston.
When no responsive pleading was filed after service, the defendant was properly defaulted under Dist./Mun. R. Civ. P., Rule 55 (a) and so notified. Judgment entered for the plaintiff on June 27, 1980 in the amount of $61,000.00. Execution issued on October 10,1980 in the amount of $61,068.25, but no record of this appears on the docket.
On December 19,1980, the defendant filed a motion for relief from judgment pursuant to Rule 60(b) which was allowed on January 30, 1981, but made conditional upon the posting of a bond in the amount of $ 13,500.00. The time for filing the bond was extended to, and cash was deposited with the clerk, on April 15,1981.
On April 29,1981, the defendant filed an answer which included statute of limitations and res judicata defenses; the latter was based upon the judgment in Duxbury v. Roberts, Waltham Division #19233, report dismissed, 1982 Mass. App. 47, aff'd, Duxbury v. Roberts, 388 Mass. 385 (1983).
On June 12,1981, the plaintiff filed interrogatories and, on July 19,1981, the plaintiff filed an application for final judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 33(a).
On the same date, the clerk sent notice to the parties of the plaintiffs application under Rule 33(a). This notice stated that: “unless said answers are filed within thirty (30) days from the date of this notice or prior to the filing of a reapplication for a final judgment, whichever is later, the final judgment for relief applied for will be entered pursuant to Rule 33(a).”
Although no reapplication was filed and this action was not for a sum certain, the clerk on September 3, 1981 entered judgment in the amount of *220 $61,060.25. Although it does not appear on the docket, an execution issued on September 14, 1981 in the amount of $61,068.25.
Without notice to the defendant, the plaintiff filed and had allowed on September 18,1981 a motion “to direct Clerk to turn over funds on deposit to the plaintiff.” On said date, the clerk turned over to plaintiffs counsel the sum of $13,799.72.
On August 12, 1982, the defendant filed a “motion to vacate default judgment and default, and for return and revocation of execution.” On the same date, the defendant filed answers to interrogatories with a motion to file answers late. Counsel also filed a notice of appearance and an affidavit.
After a hearing, the court on October 4,1982 found that the action was not for a sum certain within the meaning of Rule 55 (b)(1) and that judgment without an assessment by the court was entered inadvertently by the clerk’s office. The court then allowed the judgment to be vacated, denied defendant’s request for removal of the default, and ordered the matter to stand for an assessment of damages.
After many continuances, a hearing for the assessment of damages was conducted on May 18, 1984 and findings were filed on September 6, 1984. Judgment was entered on September 7,1984 in the amount of $23,000.00, plus interest in the amount of $12,880.00 and costs in the amount of $25.50 for a total sum of $35,905.50.
On October 16, 1984, the court denied defendant’s motions for a new trial and to amend findings, but ordered judgment to enter in the amount of $35,880.00, including principal and interest, with a notation that such judgment had been partially satisfied in the amount of $13,799.72.
On. January 17, 1985, an amended judgment of $16,323.00, including interest plus costs of $25.50, was entered.
Among many-alleged errors reported to the Division, the defendant claims to be aggrieved by the denial of his request to remove the default after his answers to interrogatories were filed. There was error.
The defendant was defaulted conditionally for failure to answer interrogatories. Notice was sent pursuant to Dist./Mun. Cts. R. Civ. P., Rule 33(a) that answers should be “filed within thirty days . . . or prior to the filing of- a reapplication for final judgment . . ., whichever is later. . . .” (emphasis supplied).
Although answers to interrogatories were not filed until almost thirteen months later, they were filed prior to any reapplication for final judgment. Rule 33 (a) states: “At the expiration of 30 days from the date of notice... the interrogating may reapply in writing for entry of final judgment for relief or dismissal....”
Since no reapplication was ever filed in writing and docketed, the defendant’s answers were timely and the conditional default should have been removed. Any judgment which followed therefrom is void. P.C.M. Inc. v. Cambridge Motor Inn, Mass. App. Div. Adv. Sh. (1978) 239.
A default is an extreme sanction, Henshaw v. Travelers Ins. Co. 377 Mass. 910, 911 (1979), disfavored in the law, which runs counter to prevailing judicial preference for trials on the merits with full participation by all the parties. Waltham v. Dexter, 1983 Mass. App. Div. 172, 173; J. SMITH & H. ZOBEL, RULES PRACTICE, S55.8 (8 M.P.S. 1977) and cases cited.
This instant case is unlike Kenny v. Rust, 17 Mass. App. Ct. 699 (1984), where the interrogating party reapplied for final judgment.
The judgment is vacated, the conditional default is removed and the matter is remanded to the trial court for proceedings consistent with this opinion.