51 F.3d 264
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
William J. RIORDAN, Plaintiff, Appellant,
v.
William J. MARTIN, Jr., Clerk, Springfield Superior Court,
Defendant, Appellee.
 No. 94-2137
 United States Court of Appeals,
First Circuit.
 April 5, 1995.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Michael Ponsor, U.S. Magistrate Judge ]
 William J. Riordan on brief pro se.
 Scott Harshbarger, Attorney General, William J. Duensing, Assistant Attorney General, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant William J. Riordan appeals from a judgment which dismissed his civil rights complaint on the ground that the defendant, a Massachusetts Superior Court clerk/magistrate, was entitled to immunity from suit. We affirm the dismissal without reaching the immunity issue.
 
 
 2
 Plaintiff pleaded guilty in state court to armed robbery and related crimes. Following his conviction and sentence, he filed a pro se motion seeking to withdraw his guilty plea and a motion for the appointment of counsel. The state court allowed the motion for the appointment of counsel and referred it to the Committee for Public Services Counsel ["CPSC"] on June 8, 1994. The court's order included the following language: "No further action until counsel is appointed." On July 28, 1994, plaintiff attempted to file three more pro se motions seeking, inter alia, an early evidentiary hearing on his motion to change his plea and permission to waive the appointment of counsel due to an anticipated delay by CPSC. On August 9, 1994, the clerk notified plaintiff that the new motions would not be processed because they were not filed by plaintiff's attorney. The rejection letter acknowledged that no attorney had yet been assigned to represent plaintiff, and referred him to CPSC for further information.
 
 
 3
 A few days later, plaintiff filed this complaint in federal district court alleging that the state clerk's refusal to accept his pro se motions deprived him of his constitutional right of access to the courts in violation of the First, Fifth and Fourteenth Amendments, the Massachusetts Declaration of Rights, and state law. He sought damages, declaratory and injunctive relief. We are informed that the claims for equitable relief are moot. The clerk named in the complaint has resigned, and a new court clerk has advised plaintiff that his pro se pleadings will be accepted pending an appointment of counsel.
 
 
 4
 As to the damages claims, it may well be, as the district court held, that the complaint is infirm because it challenges conduct protected by defendant's qualified immunity. See Lowinger v. Broderick, Dkt. 94-1077, slip op. at 7-8 (1st Cir. Mar. 22, 1995). And, as defendant asserts, any damages claims against the clerk in his official capacity would be barred by the Eleventh Amendment, which proscribes suits against state officials which must be paid from state funds. Hafer v. Melo, 502 U.S. 21, 26-28 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989). But we think it unnecessary to reach these issues because the complaint obviously is infirm for another reason: there are no facts indicating that the remedies available from the State were inadequate.
 
 
 5
 It is well established that an official's unauthorized conduct which cannot be foreseen and controlled in advance does not constitute a violation of the Due Process Clause "until and unless [the State] refuses to provide a suitable postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Parratt v. Taylor, 451 U.S. 527 (1981); Zinermon v. Burch, 494 U.S. 113, 125 (1990); Lowe v. Scott, 959 F.2d 323, 340 (1st Cir. 1992). Since inadequacy of the state's remedy is a material element of the Sec. 1983 claim, plaintiff had the burden of setting forth supporting factual allegations, either direct or inferential, to sustain an actionable legal theory. Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).
 
 
 6
 Plaintiff's complaint does not allege any facts showing an absence of state process to remedy the alleged deprivation. The Massachusetts courts in fact provide such a remedy. See Bolton v. Commonwealth, 407 Mass. 1003, 552 N.E.2d 83 (1990) (explaining that remedy for a clerk's wrongful refusal to accept papers is by motion to the court and failing that, by petition for a writ of mandamus to the Supreme Judicial Court); Burnham v. Clerk of the First Dist. Court, 352 Mass. 466, 226 N.E.2d 190 (1967) (same). By instead seeking redress through a Sec. 1983 suit, plaintiff invites collateral federal supervision of the state proceedings. Lower federal courts lack jurisdiction to sit in review of state court proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990). Plaintiff's remaining arguments are frivolous.
 
 
 7
 Accordingly, the judgment dismissing the complaint for failure to state a claim is affirmed. See Acha v. United States, 910 F.2d 28, 30 (1st Cir. 1990) (affirmance may rest on any ground presented by the record).